[No. 15718.   Department Two.—April 4, 1895.]

A. W. RANDALL, Appellant, v. JULIA K. DUFF ET AL., Respondents.

107   33
124  310

107   33
148  148

Foreclosure of Mortgage—Ineffectual Sale—Subrogation of Purchaser—Allowance of Interest—Construction of Judgment upon Appeal.—Where, upon a former appeal, it was decided that the purchaser under an ineffectual foreclosure of mortgages, who, by purchasing, had paid off the mortgages, was entitled in equity to be subrogated to the rights of the mortgagees, and to receive all that was equitably due on the mortgage, including interest upon the amount up to the date of payment or tender by the successor in interest of the mortgagor who was not made a party to the foreclosure suit, such allowance of interest by the decision of·the court is at the legal rate, and not at the rate specified in the mortgage.

Id.—Object of Subrogation—Speculation not Allowed.—Subrogation is allowed by courts of equity to secure justice, and, when justice requires, it is allowed merely to insure reimbursement, where one has paid a debt which some one else ought to have paid, and the party to whom a subrogation is allowed will not be permitted to make a speculation out of it, but a resort to the securities will only be allowed so far as necessary to protect the purchaser, and indemnity should not go beyond his reimbursement with legal interest.

Id.—Appeal from Judgment Ordered upon Former Appeal—Dismissal. An appeal taken from a judgment entered in the court below under the direction of the appellate court, upon a former appeal, cannot be dismissed upon the ground that such judgment is not appealable; but such a judgment is as plainly within the language allowing appeals as any other, and damages will not be imposed upon such appeal, where the appeal taken is not frivolous.

Appeal from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinions reported in 71 Cal. 513, 79 Cal. 115, 87 Cal. 104, 101 Cal. 82, 104 Cal. 126, and in the opinion of the court in the present case.

*S. M. Buck*, and *W. C. Belcher*, for Appellant.

*M. L. Duff*, *H. S. Foote*, and *L. D. McKissick*, for Respondents.

Temple, J.—This case has been here twice before. (79 Cal. 115; 101 Cal. 82.)   For a fuller statement of facts reference may be had to those appeals.

Plaintiff was appellant in the appeal reported in 101 Cal. 82. He then complained of the judgment in various respects. Among others, that the trial court allowed interest only up to March 15, 1885, the date of the filing of the cross-complaint, because that court thought the cross-complaint contained a sufficient tender to stop interest. This court thought the offer, or tender in the cross-bill insufficient for that purpose, and that interest should have been allowed on the amounts credited to appellant down to March 1, 1892, at which time the whole amount was compensated or paid by damages allowed to the defendants for plaintiff's occupation of the mortgaged premises. The judgment of this court was:

" Wherefore, the judgment of the superior court is affirmed in all respects, except as to this matter of interest, as to which the judgment is reversed, and the cause is remanded to the superior court with directions to amend its decree by allowing interest to the plaintiff down to March 1, 1892, and by reducing the judgment against him correspondingly."

Interest had been allowed in the decree then appealed from at legal rates, but the court held that, as to a portion of the moneys with which plaintiff was credited in the accounting, he was entitled to be subrogated to the rights of the mortgagees under an ineffectual foreclosure of whose mortgages he had purchased, and by so purchasing had paid off the mortgages.

In stating the subrogation the court used the following language: " But plaintiff was also successor to the mortgagees, and entitled, as against the defendants, to receive all that was equitably due on the mortgages, including interest on the amount secured up to the date of payment or tender."

When the remittitur reached the lower court counsel for appellant claimed that the judgment of this court, interpreted in the light of the general tenor of the opinion and of the above language in particular, entitled appellant to interest on the amount of the mortgage

debt at conventional rates rather than at the legal rate. The superior court, however, declined to grant the relief, and amended its decree by computing interest on the credits allowed appellant down to March 1, 1892, at legal rates. From the judgment so entered this appeal was taken.

I do not think the judgment of the court is ambiguous, and, therefore, it needs no interpretation. Nor do I think the opinion must necessarily receive the construction placed upon it by appellant.

Subrogation is allowed by courts of equity to secure justice. Ordinarily it takes place when one has paid a debt which some one else ought to have paid. In such cases, sometimes, the person so paying succeeds to the securities which the original creditor held for his debt. This is allowed when justice requires it, and the securities which a person so obtains are held by him merely to insure reimbursement. He will not be permitted to make a speculation out of it.

Often a lien is thus kept alive which, but for the purpose of enabling the court to do equity, would be considered released. Obviously a court of equity will not allow a resort to such securities beyond what is necessary to effectuate the purpose. It is not clear that plaintiff was entitled to recover as indemnity the principal and interest on the mortgage, and evidently no such question was discussed or decided in the opinion.

It is true, undoubtedly, that the plaintiff was entitled to recover the entire sum due on the mortgage for principal and interest (if the attempted foreclosure was wholly void), so far as this was necessary to protect him. I cannot see why indemnity in his case should go beyond reimbursement with legal interest.

His equity against the defendants is based upon the fact that he was misled by the apparent authority vested by defendants in an unfaithful agent, and thereby induced to purchase at the foreclosure sale. Defendants were permitted to recover upon reimbursing plaintiff for the money so paid. Perhaps, under such circum-

stances, it was not necessary for plaintiff's security to resort to the doctrine of subrogation.

But the matter need not be pursued further. The fact that none of these matters is noticed in the opinion, and that the judgment of this court seems unambiguous, demonstrates that the construction contended for by appellant cannot be maintained.

A motion was made to dismiss the appeal, and was submitted when the case was argued on the merits. It is contended that the judgment entered in the court below was in effect the judgment of this court, and that no appeal can be taken from it. For some purposes the judgment may be deemed on a par with the judgment which might have been entered here. But great injustice might be done if it were held that such a judgment cannot be appealed from. Serious doubts may arise as to whether the judgment entered was the judgment ordered. And such a judgment is as plainly within the language allowing appeals as any other. I think there can be no doubt of the right to appeal.

Nor do I think the appeal frivolous.

The judgment is affirmed.

HENSHAW, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment and in the opinion of Mr. Justice Temple. Of course when the lower court enters the judgment directed by this court there is an end of the litigation; but when there is a question whether or not the lower court has entered the judgment directed, then an appeal lies. If the appeal be frivolous, and not taken *bona fide*, the remedy is the imposition of heavy damages.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.