## AUSTIN v. PULSCHEN et al.*

### No. 15,835; October 12, 1895.

#### 42 Pac. 306.

**Vendor's Lien—Waiver.**—A Finding That, After Plaintiff sold her land she signed and delivered to a certain person "two unacknowledged deeds to said premises," should not be held to constitute an abandonment of a lien for the purchase price, where it was also found that plaintiff did not waive her lien, and that said person, "being a mortgagee, must account to plaintiff for the profits."

**Vendor's Lien.**—Where Plaintiff, in Possession of Land, which she held under a recorded contract of sale, and upon which there was a lien for the purchase price, agreed to sell the same in consideration that the vendee discharge said lien, and give his notes to her for the payment of a further sum, and that she retain possession until they were paid, and the vendee borrowed money from another, giving him a mortgage on the land therefor, and the sum borrowed was paid to the holder of the first lien, who conveyed directly to the vendee, the mortgage must be postponed to plaintiff's lien, the mortgagee not being entitled to be subrogated to the original lien.[1]

APPEAL from Superior Court, Santa Clara County; John Reynolds, Judge.

Action by Mary A. Austin against Gustav Pulschen, R. H. McDonald and others, to enforce a vendor's lien. A judgment refusing her a preference of lien was reversed in department (4 Cal. Unrep. 988, 39 Pac. 799), and R. H. McDonald appeals to the court in bank. Commissioners' decision affirmed.

J. R. Welch for appellant; Sawyer & Burnett, Dorn & Dorn and Morehouse & Tuttle for respondent.

McFARLAND, J.—After full consideration of this cause in bank we are satisfied with the opinion delivered and the conclusion reached in department: 4 Cal. Unrep. 988, 39 Pac. 799. The petition for a rehearing in bank is mainly concerned with the proposition that Mrs. Austin, after her sale to Pulschen, conveyed the land to Rosencrantz, and thereby destroyed

---

*For subsequent opinion in bank, see 112 Cal. 528, 44 Pac. 788.

[1] Cited in the note in 37 L. R. A., N. S., 1207, on right of one advancing money for purchase price of property to be subrogated to vendor's lien.

her vendor's lien. But there is no finding that she conveyed to Rosencrantz. The court finds that at a certain time Pulschen made a deed of the premises to Rosencrantz, which was intended and understood to be a mortgage to secure $600. It is also found that shortly afterward plaintiff sold some personal property to Rosencrantz, and also "signed and delivered to said Rosencrantz two unacknowledged deeds to said premises"; but it is also found that she did not by said deeds "waive any lien which she had or claimed to have upon said premises." What kind of "deeds" those were does not appear. A deed is simply a sealed instrument, and may be a grant, a mortgage, a bond, or any kind of contract. In some connections a "deed to said premises" might, no doubt, be construed to mean an absolute conveyance of the fee; but here the court evidently did not use the phrase in that sense. It is immediately added that by said deeds plaintiff did not waive her lien; and, moreover, it is found that Rosencrantz, by said deeds or otherwise, became the owner of the premises; but it is adjudged "that said Rosencrantz, being a mortgagee only of said premises, must account to said plaintiff for all the profits," etc. Whatever those deeds were—whether mortgages or otherwise—they disappear from the case; and there is no appeal by plaintiff from the judgment in favor of Rosencrantz as a mortgagee.

There is nothing in the point that the money borrowed by Pulschen from McDonald—$2,500—was paid to the original owners, Bruce and Kent. That payment was in accordance with the contract between plaintiff and Pulschen. When that payment had been made to avoid a circuity of conveyance, Bruce and Kent, at plaintiff's request, conveyed directly to Pulschen, and plaintiff and others, supposed to have some shadow of title, joined in the conveyance. But her vendor's lien for the balance of the purchase money coming to her was as perfect as if Bruce and Kent had conveyed to her before she made her contract with Pulschen. That part of the judgment appealed from is reversed, and the lower court is instructed to modify the judgment in accordance with the opinion of Mr. Commissioner Vanclief delivered in department.

We concur: Garoutte, J.; Van Fleet, J.; Harrison, J.

TEMPLE, J., Dissenting.—I cannot concur in the judgment in this case. The finding that for a valuable consideration plaintiff signed and delivered to Rosencrantz two deeds to said premises is not ambiguous. It can only mean that she conveyed the premises to Rosencrantz. It is idle to claim that the meaning is rendered uncertain because at common law a deed was simply a sealed instrument. The word is never so used here. On the contrary, it always means a conveyance of land. But this is not important. McDonald was certainly entitled to be subrogated to the position of Bruce and Kent, as security for the $2,700 paid to them. It is said in the opinion that he cannot be subrogated, because he paid the money under contract with Pulschen. That is why he is entitled to be subrogated. Had he paid it as a mere volunteer, he would not have been so entitled. Had plaintiff foreclosed her lien against Pulschen, she would have taken the land subject to the charge. As McDonald paid it for her, why should he not retain a lien for it? It was a claim against her estate. How has she become discharged from it? The debt was a charge against the land, which plaintiff was bound to pay. When one—not as a volunteer, but to protect his own interests—pays such a debt, he is entitled to be subrogated to the rights of the creditors whose debt he has paid, so far as necessary to secure repayment from the estate which was subject to the charge: Carpentier v. Brenham, 40 Cal. 221; Randall v. Duff, 107 Cal. 33, 40 Pac. 20.

We concur: Beatty, C. J.; Henshaw, J.