[S. F. No. 787.   Department One.—September 6, 1899.]

## ADAM BROWN, Respondent, v. CHARLOTTE D. ROUSE, Appellant.

HUSBAND AND WIFE—AGENCY—UNAUTHORIZED LOAN—RATIFICATION —FINDINGS AGAINST EVIDENCE—DECISION UPON FORMER APPEAL. The findings in this case as to the ratification by a wife of the unauthorized act of her husband in borrowing money, which was obtained upon a note and mortgage executed by him without authority as her attorney-in-fact, held not sustained by evidence not differing in legal effect from that appearing upon a former appeal (104 Cal. 672), which was held insufficient to establish a ratification of the loan, for want of knowledge by the wife of her rights, and for want of reception by her of the benefit of the loan, except as to part thereof paid to release a mortgage upon her property.

ID.—RELEASE OF PRIOR MORTGAGE OF WIFE'S PROPERTY—UNAUTHORIZED SECOND MORTGAGE—VOLUNTARY PAYMENT—MISTAKE OF LAW—SUBROGATION.—A stranger to a prior mortgage of the wife's property who voluntarily advanced money upon an unauthorized second mortgage thereupon executed by the husband assuming to act under a power of attorney from the wife, which did not authorize the loan or the mortgage, and who voluntarily caused part of the money advanced to be paid to release and discharge the prior mortgage, for his own supposed security, acting under a mistake of law, with knowledge of all the facts, cannot, upon the declaring of the second mortgage invalid, be subrogated to the rights of the prior mortgagee as to the money so voluntarily paid.

ID.—SUBROGATION NOT ALLOWED IN FAVOR OF VOLUNTEER.—Subrogation will not be decreed in favor of a mere volunteer who, without any duty, pays the debt of another. It will not arise in favor of a stranger; but only in favor of a party who on some sort of compulsion discharges a demand against a common debtor.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.   John Reynolds, Judge.

The facts are stated in the opinion rendered upon this appeal, and in those rendered by the court upon former appeals, 93 Cal. 237, and 104 Cal. 672.

John H. Durst, for Appellant.

The evidence being substantially the same, the ruling on the former appeal is the law of the case. (*Gould v. Adams,* 108 Cal. 365; *Mills v. Home Ben. etc. Assn.,* 105 Cal. 232; *Brusie v. Gates,* 96 Cal. 265; *Castagnino v. Balletta,* 82 Cal. 250, 260; *Sharon v. Sharon,* 79 Cal. 633, 687; *Reclamation Dist. No. 3 v. Goldman,* 65 Cal. 636; *Jaffe v. Skae,* 48 Cal. 540; *Benson v. Shotwell,* 103 Cal. 163, 165; *People v. Holladay,* 93 Cal. 241; 27 Am. St. Rep. 186.) The cause of action for money loaned was barred when the amended complaint was filed. (*Morton v. Bartning,* 68 Cal. 306; *Anderson v. Mayers,* 50 Cal. 525; *Meeks v. Southern Pac. Ry. Co.,* 61 Cal. 149; *Atkinson v. Amador etc. Canal Co.,* 53 Cal. 102.) The plaintiff is not entitled to subrogation. (*Guy v. Du Uprey,* 16 Cal. 196; 76 Am. Dec. 518; *Campbell v. Foster Home Assn.,* 163 Pa. St. 609; 43 Am. St. Rep. 818.)

W. C. Kennedy, for Respondent.

The statute of limitations does not apply, as no new cause of action was set up. (*Easton v. O'Reilly,* 63 Cal. 308; *Cox v. Mc-Laughlin,* 76 Cal. 60; 9 Am. St. Rep. 164; *Castagnino v. Balletta,* 82 Cal. 250; *White v. Soto,* 82 Cal. 657; *Redington v. Cornwell,* 90 Cal. 62.) At most the evidence is conflicting, and the court will not disturb the decision of the court below. (Hayne on New Trial and Appeal, sec. 288; *Lick v. Madden,* 36 Cal. 213; 95 Am. Dec. 195; *McKeever v. Market Street R. R. Co.,* 59 Cal. 300; *McDermott v. San Francisco etc. R. R. Co.,* 68 Cal. 34.) The decision of the court upon a question of fact does not become the law of the case. (*Mattingley v. Pennie,* 105 Cal. 515; 45 Am. St. Rep. 87; *Wallace v. Sisson,* 114 Cal. 44.) The finding that the loan was ratified is sufficient to sustain the judgment. (*Brown v. Rouse,* 93 Cal. 240.) Under the evidence and findings in this case, plaintiff is entitled to be subrogated to the mortgagee, Davis. (*Dillon v. Byrne,* 5 Cal. 455; *Birrel v. Schie,* 9 Cal. 104; *Carr v. Caldwell,* 10 Cal. 380; 70 Am. Dec. 740; *Swift v. Kraemer,* 13 Cal. 530; 73 Am. Dec. 603; *Tolman v. Smith,* 85 Cal. 290; *Lockwood v. Marsh,* 3 Nev. 138.) And for attorney's fees as well. (*Levy v. Martin,* 48 Wis. 199.) The defendant ratified and confirmed the note as fully as if she had made it. (1 Am. & Eng. Ency. of Law, 420; Wharton on Agency, secs. 68, 75, 89, 92, 174, 478.) The reception of the

money by defendant as hers, in her husband's hands, and her payment of the interest on the note, with full knowledge of the facts, made the note her note and debt. (*Raccouillat v. Sansevain,* 32 Cal. 376; *Frink v. Roe,* 70 Cal. 311.) Retaining the proceeds of an unauthorized loan, after knowledge of the facts, ratifies the loan. (*Wallace v. Lawyer,* 90 Ind. 499; *McDowell v. McKenzie,* 65 Ga. 630; *Smith v. Tracy,* 36 N. Y. 79; authorities cited in 1 Am. & Eng. Ency. of Law, 437, note 1.) Having so ratified, principal can no longer deny agent's authority. (*Beall v. January,* 62 Mo. 434; *Perkins v. Boothby,* 71 Me. 91; *Clark v. Van Riemsdyk,* 9 Cranch (U. S.), 153; *Parish v. Reeve,* 63 Wis. 315; *Silverman v. Bush,* 16 Ill. App. 437.) When the unauthorized act is done in the execution of a power and in excess or misuse of the authority given, ratification is more readily implied from slight acts of confirmation. (*Harrod v. McDaniels,* 126 Mass. 415; *Myres v. Mutual Ins. Co.,* 32 Hun, 321; *State v. McCauley,* 15 Cal. 450; *Jones v. Marks,* 47 Cal. 247; *Ayers v. Palmer,* 57 Cal. 309.) When A signs a note as agent of B—though without authority—and B, knowing the fact, promises to pay the note, though without new consideration, this ratifies the act. (Wharton on Agency, sec. 88; *Long v. Colburn,* 11 Mass. 97; 6 Am. Dec. 160; *Commercial Bank v. Warren,* 15 N. Y. 577; *Ward v. Williams,* 26 Ill. 447; 79 Am. Dec. 385; 1 Am. & Eng. Ency. of Law, 438, note.)

CHIPMAN, C.—This is the third appeal of the case. Originally, the action was to foreclose a mortgage executed by one German M. Rouse, under power of attorney, in the name of defendant, who was then his wife. At the first trial the court below held the note and mortgage to have been given without authority, but entered a personal judgment against defendant for $1,271 and costs. On appeal, this judgment was reversed as outside the issues. (*Brown v. Rouse,* 93 Cal. 237.) At the second trial plaintiff amended his complaint, alleging a loan of $1,200 on November 18, 1887, and its nonpayment. Plaintiff had a personal judgment for $1,510.68 and costs, on the theory that defendant had ratified the loan. On the second appeal the judgment was reversed, on the ground that the evidence failed to establish ratification. (*Brown v. Rouse,* 104 Cal. 672.) De-

fendant had previously given a mortgage on the land to one Davis, which had been overdue for three years and a half at the time of this alleged loan. In the opinion reversing the second judgment the court said: "As to the $481.65 which went to satisfy the Davis mortgage, it would certainly be proper and just for appellant to pay it; and it is stated in appellant's brief that she is willing to pay it. . . . . Perhaps, under appropriate pleadings and findings, plaintiff could recover for the amount of money that went to satisfy the said prior mortgage." The third trial was upon an amendment of the complaint, by which it was alleged that defendant, through her husband, procured plaintiff, as agent, to pay, and he did pay and satisfy, the Davis mortgage, amounting to $580, in full discharge thereof, and that Davis released the same at defendant's request, acting through her said agent; that she had full knowledge of these facts, and thereupon ratified and confirmed said release and discharge of said mortgage, and all the acts of her said agent, Rouse, and said sum of $580 forms a part of the consideration alleged to have been created by the said loan of $1,200 on November 18, 1887. The court found the facts substantially as alleged in the complaint, and that the amount paid to Davis was $481.65. The court also found that defendant had knowledge of all said facts, "and thereupon expressly ratified and confirmed said payment and release of said mortgage, and all of said acts of said agent, G. M. Rouse."

As to the loan of $1,200, the court found that defendant's husband, assuming to act as agent and attorney in fact, and in pursuance of said power of attorney, borrowed from plaintiff and said plaintiff loaned to defendant the sum of $1,198, and gave therefor to said plaintiff a promissory note executed by said German M. Rouse, in the name of said Charlotte D. Rouse, for $1,200, which remains unpaid except the said sum of $481.65, and that defendant "did receive by her said husband, and as her agent, the residue of said $1,198. . . . . Subsequently to said eighteenth day of November, 1887, and from time to time, she ratified and confirmed the loan made by Brown by letters instructing the payment of interest on said loan after being fully informed and having specific and complete knowledge of said loan and all the circumstances thereof." These interest

payments were $54 on May 19, 1888, and $54 in November 23, 1888, being semi-annual installments at nine per cent. It is further found that when the money was borrowed defendant and her husband resided in the territory of Washington; that soon after the loan her husband returned to their then home, "taking with him the balance of said money, to wit, $716.35; that he then reported to his said wife that he had borrowed the money in her name, and had used the sum of $481.65 to pay off said mortgage, and that he had the balance with him. And that she, knowing that he had said money, did not request him to pay it to her, but allowed him to use the same as he saw fit, believing at the time that she was liable therefor. That thereafter she ratified and confirmed the acts of her said husband in procuring said sum of $1,198 from the plaintiff." Judgment was accordingly entered in favor of plaintiff for $1,729.37 and costs. Defendant claims that the evidence does not support these findings nor the decision, and that the decision is against law, and appeals from the judgment and from the order denying her motion for a new trial.

So far as the alleged ratification of the loan is concerned, the case is in no particular strengthened by any new evidence. Plaintiff added to his testimony given at the second trial the following as to the loan to Mrs. Rouse: "She got the full benefit of it." He had no personal knowledge of the fact; he never saw her, and at the time defendant's husband borrowed the money she was in Washington Territory and he was in California. His statement has no probative value. Added to the former evidence are certain letters—one from Mrs. Rouse to Rucker & Son, her then agents in San Jose, dated July 21, 1887, relating to the management of the property, and stating her desire to sell at a price not less than $2,000, and refers to the mortgage then on the place; a letter also dated October 27, 1887, from Rucker & Son to J. H. Durst of San Francisco, defendant's nephew, calling attention to an offer they had for the property, to which Durst replies October 28th, stating that he has not heard from Mrs. Rouse lately and must refer the matter to her. These were all written before the alleged loan and seem to have no relation to it, and certainly cast no light upon the alleged ratification of the loan subsequently made. The evidence as to

ratification stands precisely where it did when the case was last here, and we discover no reason for changing the opinion then expressed upon the point.

Upon substantially the same evidence as now here the trial court at the second trial found, as conclusion of law, that plaintiff was not entitled to be subrogated to the Davis mortgage, but was entitled to recover the amount of the loan on the ground of ratification. The court at the last trial made no finding as to the right of plaintiff to be subrogated to the Davis mortgage, but found that plaintiff was entitled to recover the amount of the loan with interest at seven per cent from November 18, 1887.

Plaintiff, however, urges his right to be subrogated to the Davis mortgage, and he prays that this may be done; but he does not ask that he be treated as the equitable assignee of the Davis mortgage, and that it be foreclosed for his benefit, the property sold and its proceeds applied to the payment of his claim to the amount of the Davis mortgage. Subrogation is the substitution of another person in the place of a creditor, the substituted party succeeding to the rights of the creditor in relation to the debt. The substitute is put in all respects in the place of the party to whose right he is subrogated. (Sheldon on Subrogation, sec. 1.) The Davis note was dated January 1, 1884, and was due twelve months after its date. The statute of limitations barred foreclosure after January 1, 1889. There is evidence tending to show that this action was not brought until after January 1, 1889, and after the Davis note and mortgage were barred by the statute; and defendant has pleaded the statute. It is not necessary to pass upon the question of limitation.

The right of subrogation in this case rests upon the undisputed facts that plaintiff's mortgage was made without defendant's authority, and we have held that it was not afterward ratified; it therefore is a nullity as to defendant; when plaintiff made the loan to Rouse, the two went together with Davis to the recorder's office; out of the money loaned the Davis mortgage was paid, and it was thereupon satisfied of record, and the plaintiff's mortgage was then recorded; plaintiff had previously caused the record to be searched; he testified: "Being told by Mr. Bailey that the title was all right, and that the power of attorney was all right and of record, and appeared in the ab-

stract, I made the loan in good faith upon the property and under the circumstances I have stated." He did not take an assignment of the Davis mortgage, but paid the debt secured by it and had it canceled. There was no mistake of fact, for he had knowledge of the authority under which Rouse was acting; his mistake was one of law. No question of fraud, accident, or mistake of fact arises. The case is closely analogous to *Guy v. Du Uprey,* 16 Cal. 196, 76 Am. Dec. 518, where the mortgage was executed by the guardian of a minor without authority, and the guardian used a portion of the money to discharge a valid mortgage lien resting on the property at the time. It was held that the guardian could not be substituted in the place of the prior mortgagee for the reason that he made payment voluntarily and as a stranger.

We think *Guy v. Du Uprey, supra,* correctly states the law of this case, and is in harmony with adjudications of the question in other states. (See cases collected in 24 Am. & Eng. Ency. of Law, 281, tit. Subrogation; Sheldon on Subrogation, sec. 240.)

The case of *Campbell v. Foster Home Assn.,* 163 Pa. St. 609, 43 Am. St. Rep. 818, in most respects, was a counterpart of the case here. The mortgage under which subrogation was claimed was executed under a power of attorney to sell, and the money borrowed by this mortgage was, in part, used to pay off and discharge then existing prior mortgage liens. Both questions as to the power to mortgage under a power to sell and the right of subrogation had very full consideration, and an unusually painstaking examination of the authorities is shown in the opinion. It was held that the mortgagee, on the second mortgage being declared invalid, had no right to be subrogated to the position of the first mortgagee so as to recover the six thousand dollars paid in extinguishment of the first mortgage. It was said in *Webster's Appeal,* 86 Pa. St. 409: "While subrogation is founded upon principles of equity and benevolence, and may be decreed where no contract exists, yet it will not be decreed in favor of a mere volunteer who, without any duty, moral or otherwise, pays the debt of another. It will not arise in favor of a stranger, but only in favor of a party who, on some sort of compulsion, discharges a demand against a common debtor."

At the second trial defendant expressed a willingness to pay

the amount of the Davis mortgage, and at the last trial counsel for defendant offered in open court to allow judgment to go against defendant for the sum of $481.65. These overtures, however, were rejected, the plaintiff apparently insisting upon the full amount or nothing.

We advise that the judgment and order be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.