[Civ. No. 396. Third Appellate District.—January 23, 1908.]

## H. J. CARSTENBROOK and J. D. CARSTENBROOK, Co-partners, etc., Respondents, v. MARY J. WEDDERIEN and W. A. WEDDERIEN, Appellants.

ACTION TO FORECLOSE CANCELED CHATTEL MORTGAGE—SUBROGATION—CASE IN EQUITY—JURISDICTION—TRANSFER AND RETRANSFER.—An action to set aside the release of a chattel mortgage, and to foreclose the same, on principles of equitable subrogation, is a case in equity, within the jurisdiction of the supreme court, and when appealed to this court was properly transferred to the supreme court, which had power to retransfer the same to this court for determination.

ID.—PAYMENT OF MORTGAGE UPON ATTACHMENT—REMEDY BY JUDICIAL SALE—EQUITABLE FACTS NOT SHOWN.—Where respondents attached property secured by chattel mortgage, and were compelled to pay the mortgage debt, and the mortgagee thereupon released and canceled the mortgage, they were not entitled to an equitable subrogation to cancel the release and foreclose the mortgage where no equitable facts appear in the record to warrant it. In such case, their remedy for reimbursement of the money so paid, out of the proceeds of a sale upon execution, under section 2970 of the Civil Code is an exclusive remedy.

ID.—REVERSAL—NEW TRIAL—PETITION FOR REHEARING—EQUITABLE FACTS STATED IN PETITION NOT A GROUND—AMENDMENT OF PLEADING.—Equitable facts, of persuasive force, not appearing in the record, and urged for the first time upon petition for rehearing, are not a ground for rehearing, though they may justify an amendment of the complaint upon the new trial ordered by this court, so as to warrant an equitable subrogation to the extent of the amount paid upon the chattel mortgage and interest.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order denying a new trial. E. P. McDaniel, Judge.

The facts are stated in the opinion of the court.

W. H. Carlin, and Waldo S. Johnson, for Appellants.

M. T. Brittan, and J. E. Ebert, for Respondents.

7 Cal. App.—30

BURNETT, J.—The action was brought to set aside the release and satisfaction of a certain chattel mortgage and to have said mortgage, given by said defendants to one Wallace Dinsmore, determined and declared to be in full force and effect and to have plaintiffs adjudged to be the owners and holders of said mortgage and the note secured thereby and entitled to the full payment of all the sums so secured, and also to have said mortgage foreclosed.

The relief sought by the complaint, involving as it does "equitable subrogation" and foreclosure, is a matter peculiarly of equitable cognizance and the appeal should not have been taken to this court.

The cause is transferred to the supreme court.

Hart, J., and Chipman, P. J., concurred.

On the sixth day of January, 1908, the cause was retransferred by the supreme court to this court for determination, and on the 23d of January, 1908, the following opinion was rendered:

BURNETT, J.—On the eighth day of August, 1904, plaintiffs brought suit against defendants for the sum of $591 and interest. Thereupon a writ of attachment was issued and placed in the hands of the sheriff of the county of Yuba for service. He was directed to attach certain personal property belonging to defendants upon which there was a chattel mortgage in favor of one Wallace Dinsmore to secure the payment of a promissory note for $1,500. The sheriff, acting in view of section 2969 of the Civil Code, declined to levy the writ of attachment on said property unless the plaintiffs should pay or tender to the said mortgagee or deposit with the county clerk or treasurer of said county payable to the order of said mortgagee the amount due on said mortgage. The plaintiffs thereupon deposited with the said county clerk, in accordance with said demand, the sum of $1,509.35. Thereafter, on August 11, 1904, the clerk paid said sum to the said mortgagee, who entered upon the record in the county recorder's office the usual acknowledgment of satisfaction and discharge of said mortgage. Upon the payment of said money by the plaintiffs to the clerk the sheriff levied the said writ of attachment upon said property. The action was afterward tried and judgment rendered in favor of plaintiffs

for the sum of $659.86 and costs. An appeal was taken to this court and the judgment was affirmed. (*Carstenbrook* v. *Wedderien*, 5 Cal. App. 603, [91 Pac. 117].) No execution was issued upon this judgment, but plaintiffs, claiming equitable subrogation, brought suit to set aside the satisfaction and release of said mortgage and to have said mortgage determined to be in full force and effect, and that plaintiffs be adjudged the lawful owners and holders thereof and entitled to the payment of the full amount secured thereby and for the foreclosure of said mortgage and the sale of said property. After trial judgment was rendered for plaintiffs in the sum of $1,846.76 and $200 attorneys' fees and costs and for the other relief prayed for in the complaint.

From this judgment and order denying their motion for a new trial defendants have appealed.

Appellants admit that plaintiffs are entitled to be reimbursed for the amount paid on account of said mortgage, but they contend that the only recourse is through the attachment suit. It is declared in their brief: "They have obtained their judgment in that action and should proceed to have execution issued out, levied upon the property in question and then have it sold in accordance with section 2970 of the Civil Code, and the proceeds applied to the payment of said mortgage debt with interest and the balance upon their judgment. These sections of the Civil Code deal with the subject exclusively and under well-established rules of interpretation should be held to lay down the rule that must be followed."

We think appellants are clearly right in their contention. The subject is a matter of statutory regulation, and we must look to the provisions of the statute for the course to be pursued. "Equitable subrogation" implies that there is no adequate remedy at law, but here the remedy is not only adequate, but it is plain, simple and speedy. Indeed, it is difficult to understand why plaintiffs should have resorted to the foreclosure suit, unless the purpose was to secure an attorney's fee and to make conditions as burdensome as possible for defendants. The statute, certainly, does not contemplate that in such a case the property shall be sold twice, once under foreclosure of the mortgage and again under execution to satisfy the judgment in the other action. Section 2969 of the Civil Code provides upon what conditions personal prop-

erty which is mortgaged can be taken, either under attachment or execution, as follows: "Before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county clerk or treasurer, payable to the mortgagee." Assuming that this has been done, we find the provision for the reimbursement of the attaching creditor in the next section (2970) as follows: "When the property thus taken is sold under process, the officer must apply the proceeds of the sale as follows: 1. To the payment of the sum paid to the mortgagee, with interest from the date of said payment; and 2. The balance, if any, in like manner as the proceeds of sales under execution are applied in other cases." It would be a dangerous doctrine to hold that where the statute provides one remedy, another may be adopted that is not so provided. Respondents' construction would compel the interpolation into said section 2970 of some direction providing for the contingency of subrogation and the foreclosure of the mortgage by the attaching creditor.

It is obvious that said section is intended to furnish the exclusive method for the reimbursement of said creditor as the preceding section prescribes the condition by compliance with which he may, under process, take possession of the property.

The procedure taken in the case at bar imposes an unjust burden upon the defendants, and we are satisfied that it is not contemplated by the said act of the legislature.

.. It is no answer to say that the defendants are not prejudiced for the reason that they would have to bear the expense of foreclosure in case the mortgagee had brought suit on his mortgage.

This view ignores the obvious intent of the legislature to avoid this expense in the event of attachment. Besides, it is manifest that the probable result of a sale would be quite different in the case of foreclosure where the property is free from any other lien from that presented here where the property is in the possession of the sheriff under other process and subject to execution to satisfy another judgment.

The authorities cited by respondents to justify the course pursued in the court below simply illustrate the application of the well-known principle of equitable subrogation, but they

are not in point here where the statute has pointed out the legal remedy. The scope of·*Redington* v. *Cornwell*, 90 Cal. 49, [27 Pac. 40], is disclosed by the syllabus as follows: "A stockholder of a corporation who pays his own and another stockholder's proportionate share of the debts of the corporation, under a legitimate and fair effort to protect his own interest in the corporate property, is entitled to contribution from the other stockholders to the extent of such stockholders' proportion of the debt paid and to be subrogated to the rights and remedies of the creditor as a necessary means to enforce such contribution."

In *Shaffer* v. *McCloskey*, 101 Cal. 576, [36 Pac. 196], two tenants in common had executed a mortgage to secure the purchase price of the land, and one of them, being unable to pay his share of the mortgage, had conveyed his interest in the land to his cotenant, in consideration that the latter would pay the full amount due, and the mortgage was afterward satisfied of record upon such payment, without knowledge of the grantee that his grantor had previously made a deed of trust of his half of the land. It was justly held that the person paying the mortgage could maintain an action to revive it to protect his interest against the deed of trust.

The supreme court, through Mr. Justice McFarland, properly said: "Respondent clearly intended that his payment of the mortgage should inure to his own benefit, and not to the benefit of appellants; and there is no equitable ground upon which appellants can object to it so inuring. They were not led astray by the payment of the prior mortgage, and are left in the exact position which they expected to occupy when the trust deed was taken."

*Randall* v. *Duff*, 107 Cal. 33, [40 Pac. 20], is a clear case of equitable subrogation where the purchaser under an ineffectual foreclosure of mortgages, having paid off the mortgages, is held entitled to the rights and remedies of the mortgagees. The court, speaking through Mr. Justice Temple, said: "Subrogation is allowed by courts of equity to secure justice. Ordinarily it takes place when one has paid a debt which some one else ought to pay. In such cases, sometimes the person so paying succeeds to the securities which the original creditor held for his debt. This is allowed when justice requires it, and the securities which a person so obtains are held by him merely to insure reimbursement. He will

not be permitted to make a speculation out of it. . . . Obviously a court of equity will not allow a resort to such securities beyond what is necessary to effectuate the purpose.''

In *Brown* v. *Rouse,* 125 Cal. 645, [58 Pac. 267], the doctrine of equitable subrogation is again discussed by the court through Commissioner Chipman, and the conclusion reached that it was not a proper case for its application because the one claiming the benefit of it was a volunteer, and furthermore it is said: ''There was no mistake of fact, for he had knowledge of the authority under which Rouse was acting; his mistake was one of law. No question of fraud, accident or mistake of fact arises.''

The other authorities cited by respondents are in line with the foregoing, and we see no necessity for reviewing them in detail.

Of course, if it appeared that the proceedings in the attachment suit were invalid or so defective that the property could not be legally sold under an execution upon the judgment, a different case would be presented and it would probably be brought within the principle of *Randall* v. *Duff,* 107 Cal. 33, [40 Pac. 20]. But, as already seen, the judgment in said cause has been affirmed; we must assume that the proceedings were all regular and that the property is of sufficient value to satisfy plaintiffs' claim if they pursue the remedy pointed out by the statute. But at any rate they had knowledge of the requirements of the statute; they proceeded to attach according to its conditions, and they must abide by the consequences.

The judgment and order are reversed.

Hart, J., and Chipman, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal, on February 22, 1908, and the following opinion was then rendered:

BURNETT, J.—Respondents in their petition for rehearing state that they ''assign as their grounds for a rehearing herein certain matters which existed with relation to said cause at the time of the hearing, and which were not plainly set forth in the record.'' As a matter of fact they were not set forth in the record at all, and, of course, cannot be considered by us.

It is claimed that this action was not instituted until the property subject to the chattel mortgage had been released from attachment in pursuance of a bond; and that said undertaking was in the sum of $700, while the amount of the judgment in the original action was $867.40, and that the said property is not now subject to execution in that action, and therefore respondents' only remedy to secure reimbursement for the payment of the amount due on the mortgage is to be subrogated to the rights of the mortgagee. No reason is stated why the amount of the undertaking is so small nor why the property was not returned to the sheriff or its full value paid to plaintiffs as contemplated by section 553 of the Code of Civil Procedure. However, it inferentially appears in the petition that the original judgment was paid, plaintiffs probably satisfying it upon the theory that subrogation would lie for the $1,508.

These additional matters of equitable cognizance stated and implied in the said petition are of persuasive force, but they are outside of the record and would not justify us in granting a rehearing; but as the cause was ordered back for a new trial we can see no reason why plaintiffs should not be permitted to amend their complaint, setting up the additional facts which in their opinion render the remedy provided by the statute inadequate or inoperative. In case this is done and the judgment should be for respondents, we invite the consideration of the learned trial judge to the question whether the amount recovered should not be limited to the amount actually paid out by plaintiffs, with the legal rate of interest.

The rehearing is denied.

Chipman, P. J., and Hart, J., concurred.