## CLARY v. HOAGLAND.

When a case has been once taken to an appellate Court, and its judgment obtained on the points of law involved, such judgment, however erroneous, becomes the law of the case, and cannot, on a second appeal, be altered or changed.

And this rule applies not only to questions of law arising in the case, but to questions of jurisdiction.

The first point decided by any Court is that the Court has jurisdiction, although it may not be in terms.

Otherwise, by the interposition of a new Judge, the law, which has been settled by a majority of the Court for years, might be changed, and a new rule introduced; cases which have been brought to this Court on *certiorari*, or writs of error, and determined, might be re-opened, and rights that have grown up under them be disturbed.

And this evil might extend to practice and pleadings in the Courts below, and the whole administration of justice be thrown into doubt and confusion by every change on the bench.

ON A RE-HEARING of a petition for a writ of *certiorari* to the County Court of Yolo.

This was an action of forcible entry, and was first brought before this Court in 1852, on appeal from a judgment of the District Court of the Eleventh Judicial District, affirming a judgment of the County Court in favor of the plaintiff.   On the appeal to this Court the judgment of the District Court was reversed and judgment entered reversing the judgment of the County Court, and remanding the case for a new trial.   2 Cal. R., 474.

In 1855, the case was again brought before this Court by a writ of *certiorari*, on the petition of the defendant, averring that the County Court had issued a writ of peremptory *mandamus* to the clerk of that Court, commanding him to issue a writ of restitution pursuant to the judgment entered in that Court, which had been reversed by this Court. The motion of the plaintiff to dismiss the writ was denied.   5 Cal. R., 476.

The case now comes before this Court on a re-hearing, granted on motion of the plaintiff, respondent, upon the single question whether the former judgment of this Court is conclusive upon the parties, inas-

44

much as this Court has decided, since this case was before it, that the District Court has no appellate jurisdiction, and the appeal in this case was originally brought through the District Court to this tribunal.

*Heard,* and *Robinson & Beatty* for petitioner, Respondent.

The ground of the *certiorari* is based upon the order of the Supreme Court in the case of Hoagland *v.* Clary, made October, 1852, (see 2 Cal. Reports, 474,) and rests wholly for its sufficiency upon that order.

We insist that the judgment rendered by the County Court was not affected by the appeal from the County Court to the District Court, and that the District Court had no power to review the judgment of the County Court upon that appeal.    See Caulfield *v.* Hudson, 3 Cal. Rep., 389.    The only lawful order that the District Court could make in the case was to dismiss the appeal.    The appeal from the judgment of the District Court to the Supreme Court invested the Supreme Court with no jurisdiction in the case which the District Court did not possess. See Horan *v.* Wahrenberger, 9 Texas Rep., 313.

The judgment of the District Court affirming the judgment of the County Court, and the judgment of the Supreme Court reviewing the judgment of the County Court, are alike *coram non judice,* and void. Horan *v.* Wahrenberger, 9 Texas Rep. ; Elliott *et al. v.* Pearsol *et al.,* 1 Peters, 340, 341 ; Voorhees *v.* The Bank of the United States, 10 Peters, 474, 475.    In this case, the Court says, (page 474,) "If not warranted by the Constitution or law of the land, our most solemn proceedings can confer no right which is denied to any judicial act under color of law, which can properly be deemed to have been done *coram non judice.*"

In the case of Williamson *et al. v.* Berry, 8 Howard U. S. Supreme Ct. Rep., 540, it is stated to be a " well settled rule in jurisprudence, that the jurisdiction of a Court exercising authority over a subject may be inquired into in every other Court when the proceedings in the former are relied upon and brought before the latter by a party claiming the benefit of such proceedings."

To the same point, see Cowen and Hill's notes, 4 vol., 206, 214 ; Wilcox *v.* Jackson, 13 Peters, 499, 511 ; 3 Dall R., page 7 ; 4 Cranch, 241; 3 Howard, 750.    In this last case, the rule as laid down by the Court in 1 Peters, 340, is reviewed and approved.

The case of Skillner's Executors *v.* May's Executors, reported in 6 Cranch, 267, reported also in 2 vol. U. S. Sup. Ct. Condensed Reports, 366, is no authority for the plaintiff in this cause.    The opinion in that case, as it is explained by Chief Justice Marshall in the case *ex parte* Tobias Watkins, 3 Peters, 206, 207, side page; decides that an omission to aver jurisdiction in a Court of the United States in the pleadings, is only error for which the judgment might be reversed, and that a judgment in such case is binding until reversed.    In this case, 3 Peters, 207, the same learned judge says : " It is universally understood that the judgment of the Courts of the United States, although their jurisdiction be not shown in the pleadings, are yet binding on all

Clary *v.* Hoagland.

the world, and that this apparent want of jurisdiction can avail the party only on a writ of error."

In the last case, the same learned judge cites the rule as it is laid down in 1 Peters, 340, and as subsequently laid down in 8 Howard, 540, and says it is the true test; that is, if the Court has jurisdiction and errs, its judgments are valid till reversed on appeal or error, but if it have no jurisdiction, its judgments and orders are all void, and all persons trespassers who attempt to enforce or execute them.

We admit that the judgment of the County Court in the case of Clary *v.* Hoagland, shows error on its face, but that error does not destroy the force of the judgment. The Court had jurisdiction of the case and of the parties; and its judgment, although erroneous, is binding until it is reversed. Elliott *v.* Pearsol, 1 Peters, 340; 10 Peters, 474, 475; 13 Peters, 511; 3 Howard, 750; 8 Howard, 540, 541.

*Winans,* contra.

Courts of last resort will not disturb nor inquire into their jurisdiction when it has once been asserted in any cause and no objection to the jurisdiction taken. They rest, in all such cases, upon the doctrine of *stare decisis.* Marshall *v.* Baltimore and Ohio Railroad, 16 Howard's U. S. 325; Rives *v.* Pettit, 4 Pike's Rep., 582; Seale *v.* Wardwell, 5 Cal., 70.

Courts of last resort, when a case is brought a second time before them, will not question either the existence of the jurisdiction or the correctness of the law under which it may have been first decided. Semple *v.* Anderson, 4 Gilman, 546; Meredith *v.* Naish, 4 Stewart & Port., 59; Himely *v.* Rose, 5 Cranch, 313–14, etc.; Washington Bridge Co. *v.* Stewart, 3 Howard U. S., 424, and cases cited on pages 425 and 426.

Whatever cases are disposed of by the Supreme Court are considered as finally settled. The inferior Court cannot vary them or judicially examine them, but only issue the necessary process for their execution. Fortenberry *v.* Frazier, 5 Pike, 200; Washington Bridge Co. *v.* Stewart, 3 Howard, U. S., 425; *ex parte* Sibbald *v.* United States, 12 Peters, 488.

If this were not so, the inferior Court could at any time overrule the decisions or disregard the decrees of the superior Courts.

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

This case has been several times before us, and now the only point presented is, whether the former judgment of the Court is conclusive upon the rights of the parties, inasmuch as we have since decided that the District Courts have no appellate jurisdiction, and this appeal was originally brought through the District Court to this tribunal.

It is well settled, that when a case has been once taken to an appellate Court, and its judgment obtained on points of law involved, such judgment, however erroneous, becomes the law of the case, and cannot

on a second appeal be altered or changed. But, say the respondents, the rule applies only to questions of law arising in the case, and does not extend to questions of jurisdiction; that if this Court had no jurisdiction in the first instance to try the cause, its judgment is a nullity; and that we have decided that the Legislature had no power to confer appellate jurisdiction on the District Courts.

The answer as we conceive is this : the first point decided by any Court, although it may not be in terms, is, that the Court has jurisdiction, otherwise it would not proceed to determine the rights of the parties. For the purposes of the first trial in this Court, the jurisdiction was as much determined as though the point had been made and passed upon; certain it is, that unless made, it cannot now be questioned. Washington Bridge Co. *v.* Stewart *et al.*, 2 Howard's U. S. R., 413.

A moment's reflection will satisfy any one of the reason and necessity of the rule. In all questions of remedy, where the opinions of judges may be as various as the differences of the human mind admit of, the interposition of a new judge might change the law which has been settled by a majority for years, and introduce a new rule. Cases which have been brought to the Court on *certiorari*, or writ of error, and determined, may be re-opened, and rights which have grown up under them be disturbed.

The evil may extend to practice and pleadings in the inferior Courts, and the whole administration of justice thrown into doubt and confusion by every change on the bench; but by letting those judgments stand which have already passed through this forum, no inconvenience can result, as new rules will only operate upon future and not upon past controversies.

For these reasons, the judgment heretofore rendered is affirmed.