[Civ. No. 10333. First Appellate District, Division One.—May 27, 1937.]

GEORGE F. DOERR, Respondent, v. CIVIL SERVICE COMMISSION et al., Appellants.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Deputy City Attorney, for Appellants.

Joseph T. Curley and Marvin C. Hix for Respondent.

GRAY, J., *pro tem.*—The City and County of San Francisco, its Civil Service Commission and its sheriff appeal from a judgment determining that George F. Doerr had been appointed to a permanent position of jailor; that his discharge by the sheriff upon the commission's claim that the position was temporary was wrongful, and that he was entitled to reinstatement in such position. The parties agree as to the facts shown by the evidence but differ as to the duration of the position established by such facts. Respondent argues that the evidence relative to the manner of his appointment and the continuous occupancy of the position of jailor is so similar to that in the case of *McGillicuddy* v. *Civil Service Com.*, 133 Cal. App. 782 [24 Pac. (2d) 942], as to require affirmation of the judgment upon its holding that an appointment similarly made to a position of similar duration was permanent. Appellants concede the existence of such similarity in the facts but attempt to distinguish the cited case from the present one upon the contention that here, but not in the cited case, the commission, under section 148 of the new charter, was authorized to determine the temporary, seasonal or permanent character of the position.

Eleven days before the effective date of the new charter, the commission, in response to the sheriff's request for the certification of the person standing highest upon the register of eligibles for appointment to the position of jailor, of which the tenure stated was temporary, certified respondent as eligible for appointment as jailor for temporary employment. On the same day the sheriff appointed him as jailor for temporary employment. Section 10 of article XIII of the old charter, then in effect, provided, as is aptly stated in the McGillicuddy opinion, for two types of appointment, to wit, a regular appointment from an eligible list, which became complete after satisfactory service during a probationary period, whose length the commission by rule could fix at not exceeding six months, and a temporary appointment, when

no eligible list existed, which was to continue not exceeding sixty days and only until a regular appointment could be made. Rule 33 of the commission read as follows: "All positions which are expected by the appointing power to exist for a period of six months or over shall be considered, for the purposes of the rules of this commission, as permanent positions. All other positions shall be considered as temporary positions, and appointments to temporary positions shall automatically expire at the end of four months. The probable period of employment must be specified by the appointing power in its requisition." On the assumption that the appointment was temporary and expired in four months, the sheriff again appointed respondent to the position upon a similar certification made in response to a similar requisition. Respondent occupied the position continuously for seven months before he was discharged upon the ground that his temporary appointment had expired. During the succeeding twenty-eight and a half months, various other persons filled the position with the exception of three periods of 24, 38 and 74 days each, during which time a jailor was not needed.

█ The requisition, certification and appointment in this case were in the same form as those considered in the McGillicuddy case. In both cases the appointee was discharged, after the new charter went into effect and after he had served in excess of the probationary period of six months, upon the commission's claim that his right to hold the position as a temporary employee had expired. The continuous service of respondent and others in the position of jailor for three years, under the test applied in the McGillicuddy case, supports the finding that such position was permanent. Upon these facts the judgment is in accord with the McGillicuddy decision. But a difference between the two cases arises from the fact that the new charter was in effect at the time of respondent's second appointment and during all but eleven days of his service. If the commission had the power to classify the position under section 148 of the new charter, which it did not possess under its rule 33, the McGillicuddy decision is not controlling.

The pertinent part of section 148 reads as follows: "From the requisition of the appointing officer or otherwise, the commission shall determine whether the position is, in char-

acter, temporary, seasonal or permanent, and shall notify the candidate in accordance therewith to the end that the candidate may have knowledge of the probable duration of employment.'' At the time of respondent's first appointment the new charter had not yet become effective and therefore the commission did not then possess the power granted by the section. The commission could not change its certification after his appointment. (*Lazenby* v. *Municipal Civil Service Com.*, 116 App. Div. 135 [101 N. Y. Supp. 5]; *Tiernan* v. *Cincinnati*, 18 Ohio N. P. (N. S.) 145.) Under the decision in the McGillicuddy case his appointment was to a permanent position of jailor. His civil service rights then acquired were preserved by section 142 of the new charter. While the commission, at the time of his second appointment, was authorized to determine the character of the position, its determination then that it was temporary was immaterial unless the second appointment was essential to his title to the position. However, as he had already been regularly appointed to a permanent position, the second appointment was a nullity. Since the facts are essentially the same as those involved in the McGillicuddy case, the decision in that case is determinative of the issues raised by those facts. Upon the authority of that decision the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.