[Civ. No. 10671. First Appellate District, Division Two.—May 11, 1938.]

H. W. SWANITZ, Appellant, v. HARRY K. WOLFF et al., Respondents.

John J. Dailey for Appellant.

John J. O'Toole, City Attorney, Thomas P. Slevin, Deputy City Attorney, and Grover O'Connor for Respondents.

SPENCE, J.—Petitioner sought a writ of mandate to compel the respondents, as members of the Civil Service Commission of the City and County of San Francisco, to make "all proper and necessary entries . . . establishing and showing that petitioner has civil service status as a hold-over assistant civil engineer". The trial court made findings of fact and conclusions of law and entered judgment denying petitioner any relief. Petitioner appeals from said judgment.

The facts are not disputed. Petitioner was duly appointed from the eligible list as an assistant civil engineer in 1913. His employment as such was practically continuous until 1919 when he and several others were laid off because of lack of funds. Petitioner apparently concedes the propriety of the lay-off. It appears that neither he nor any other person laid off in 1919 has ever been reemployed by the city as an assistant engineer. In fact, petitioner does not claim that any person has been appointed as assistant civil engineer since that time.

In 1924 the commission adopted a rule relating to so-called "hold-overs", meaning persons laid off because of lack of work or lack of funds. It provided in part "When such 'hold-overs' have not been reappointed to a permanent position within a period of two years from the date of their last lay-off, their eligibility for reappointment may be cancelled

by the commission." On February 2, 1931, the commission struck from the list of "hold-overs" under the classification of assistant civil engineers the names of all persons, including that of petitioner, who had not been appointed to any position falling within that classification since 1919. Petitioner testified that he learned of said action of the commission within a few days after the action was taken. About four years and nine months later and in November, 1935, petitioner first filed an application with the commission asking for an order establishing his status as a hold-over on the list of assistant civil engineers established in 1913. Thereafter the commission denied said application and this proceeding in *mandamus* was filed on June 10, 1936.

Petitioner claimed that both the adoption of the rule relating to hold-overs and the action of the commission taken pursuant thereto were in excess of and beyond the powers of the commission. Respondents claimed that as the charter made no provision relating to hold-overs, the commission had the right to make reasonable rules to cover the situation under the power granted to it by the charter to "make rules to carry out the purposes of this article". They further claimed that said rule was a reasonable one and that the action of the commission did not conflict with the rights of hold-overs as established by the decisions. (*Rodgers* v. *Board of Public Works*, 208 Cal. 291 [281 Pac. 64] ; *Powers* v. *Board of Public Works*, 216 Cal. 546 [15 Pac. (2d) 156] ; *McGillicuddy* v. *Civil Service Com.*, 133 Cal. App. 782 [24 Pac. (2d) 942] ; *Doerr* v. *Civil Service Com.*, 21 Cal. App. (2d) 173 [68 Pac. (2d) 731].) Respondents further claimed that the petition was barred by the statute of limitations and by laches.

■ It appears unnecessary to discuss all of the questions raised as the rights of petitioner, if any, were clearly barred by the statute of limitations and by laches as found by the trial court. (*Jones* v. *Board of Police Commrs.*, 141 Cal. 96 [74 Pac. 696] ; *Curtin* v. *Board of Police Commrs.*, 74 Cal. App. 77 [239 Pac. 355] ; *Knorp* v. *Board of Police Commrs.*, 31 Cal. App. 539 [161 Pac. 12] ; *Wittman* v. *Board of Police Commrs.*, 19 Cal. App. 229 [125 Pac. 265] ; *Farrell* v. *Board of Police Commrs.*, 1 Cal. App. 5 [81 Pac. 674].)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.