[Civ. No. 12142.  First Dist., Div. One.  Dec. 7, 1942.]

SAMUEL D. ORWITZ, Appellant, v. THE BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA, Respondent.

Thos. D. Aitken for Appellant.

H. E. Lindersmith for Respondent.

WARD, J.—On November 26, 1940, this court rendered a decision in *Orwitz* v. *Board of Dental Examiners* (41 Cal. App.2d 653 [107 P.2d 407]), affirming the judgment of the trial court denying petitioner a writ of mandate, after trial de novo, in a proceeding brought by petitioner to have annulled the action of the Board of Dental Examiners suspending his license to practice dentistry. Thereafter, and on November 19, 1941, petitioner instituted the present proceeding in mandamus whereby he again sought to have the action of said board annulled. In his petition for the writ he made no reference whatever to the former proceeding; but on December 18, 1941, he filed herein a verified petition for a temporary restraining order to restrain the board from taking any action against petitioner based on the prior judgment, and in his petition for the restraining order he set forth facts showing the existence of the former judgment. The temporary restraining order was issued; and thereafter the trial court entered an order herein sustaining the dental board's demurrer without leave to amend, discharging the temporary restraining order and denying the petition for the writ of mandate. From the order so entered, petitioner appeals.

The principal question involved, as stated in appellant's opening brief, is as follows: "Is the Superior and Appellate Courts exercise of jurisdiction in a mandate case, which did not involve the specific question of jurisdiction, res adjudicata on the question of jurisdiction in a second mandate case between the same parties in which latter case the jurisdiction over the subject matter is specifically raised and in which fundamental rights are involved?" As pertinent to this question, appellant points out that the record in a previous proceeding was introduced into the record herein without objection of petitioner, "consequently (he argues) making the same as much a part of this proceeding as if it had originally been made a part thereof in the original pleadings." Upon this basis he contends that the decision of a state board, the superior court, an appellate court, the denial of a petition for a rehearing by the appellate court, the denial of a petition for hearing after decision by an appellate court by the Supreme Court of California, the dismissal of an appeal by the United States Supreme Court and a denial of a petition for rehearing, are not res judicata of the present proceeding. Respondent replied to the points urged.

In his reply brief appellant changed his position. He there states: "Counsel for appellant certainly, and respondent's counsel apparently, have unwittingly in their respective 'Statements of the Case' and 'Statements of Proceedings' indulged in statements of facts that are not properly before this Court.

"This was probably caused by the fact that quite a number of proceedings, some terminated, some now being litigated, have arisen out of the proceedings and judgment of the Board of Dental Examiners subject of these present proceedings, and, being mainly interested in the merits of the contention in chief, counsel for both sides lost sight of the fact that this case depends on the pleadings before the trial Court as brought up by appeal to this Court, and not upon such facts as respective counsel may recite in their statements in the briefs unless those facts have been duly pleaded.

"Undersigned counsel's attention to just what was being done was drawn by reading the case of *Rideaux* v. *Torgrimson,* 12 Cal.2d 633 [86 P.2d 826]. Unless we (both parties) are bound by the recitals in our respective briefs concerning *all* the proceedings following the original judgment by the Board of Dental Examiners herein, *none of which were, in any way pleaded, by either party,* the Rideaux case is controlling." In a word, from his reply brief appellant's position is that "the whole question of res judicata must be eliminated from consideration in this appeal"; that "This is apparent from a reading of the petition for a writ of mandate," wherein there is no reference to a former adjudication. ■ In the Rideaux case the court stated (p. 638): "A defense founded upon the conclusiveness of a former adjudication must be either pleaded or proved." This rule, of course, is subject to the rule that if the conclusiveness of a former judgment appears without doubt upon the face of the record on appeal, then a general demurrer is applicable. The present appeal in fact presents a clear example of a second action and appeal, based upon the same cause of action as the first.

■ Assuming that technically there might be merit in the second position taken by appellant inconsistent, at variance with, and contradictory of the first, we would be forced, in view of the general demurrer, to hold that laches appears on the face of the petition; and, consequently, that it fails to state

a cause of action. (*Collier* v. *Merced Irr. Dist.*, 213 Cal. 554 [2 P.2d 790]; *Livermore* v. *Beal*, 18 Cal.App.2d 535 [64 P.2d 987]; *Arnold* v. *Universal Oil Land Co.*, 45 Cal.App. 2d 522 [114 P.2d 408].)

The present petition alleges that the order of suspension of petitioner's license for a period of one year, depending upon certain conditions, was pronounced on November 19, 1937 to become effective December 20, 1937. It was filed November 19, 1941, just four years later, and approximately two years and eleven months after the expiration of the period of such suspension. By delay in instituting some legal proceeding, upon the theory advanced in the closing brief of appellant there was an acquiescence in the order of suspension. An unexplained delay in seeking a reversal of an order of suspension until after the period has expired, is analogous to the delay in instituting a proceeding to review a removal from office until the term thereof has expired, or to restoration to employment under civil service provisions after the commission has abolished the position. (*Knorp* v. *Board of Police Commissioners*, 31 Cal.App. 539 [161 P. 12]; *Swanitz* v. *Wolff*, 26 Cal.App.2d 311 [79 P.2d 173]; *Reid* v. *Superior Court*, 44 Cal.App. 349 [186 P. 634]; *Bryant* v. *Superior Court*, 16 Cal.App.2d 556 [61 P.2d 483].)

However the transcript on the present appeal shows that this is the second petition to review the action of the board. In a verified petition for a temporary restraining order to preserve the status quo until "these proceedings can be decided on the merits," appellant recites the judgment of suspension and states "That thereafter a writ of mandate to determine the legality of said judgment was sued out by plaintiff, the said proceedings being entitled, 'Samuel D. Orwitz, Petitioner, v. The Board of Dental Examiners of the State of California, Respondent', and numbered 278,243 in the Superior Court of the State of California, in and for the City and County of San Francisco; that said proceedings were finally determined adversely to plaintiff; on or about the 13th day of October, 1941." Appellant appealed from that judgment. (*Orwitz* v. *The Board of Dental Examiners*, 41 Cal.App.2d 653 [107 P.2d 407].) The above eliminates the necessity of a consideration of the power of this court to take judicial cognizance of its own decisions.

In the original mandate proceedings the unconstitution-

ality of the Dental Practice Act was urged, but abandoned on appeal. That appellant's license was subject to revocation or suspension was conceded, if the evidence supported the findings. Of necessity the question of the jurisdiction of the board was involved. The sufficiency of the evidence to uphold the findings was definitely determined.

On the question of res judicata, the following quotation from *Sutphin* v. *Speik*, 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497], is applicable: "Next is the question, under what circumstances is a matter to be deemed decided by the prior judgment? Obviously, if it is actually raised by proper pleadings and treated as an issue in the cause, it is conclusively determined by the first judgment. But the rule goes further. If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable. In *Price* v. *Sixth District*, 201 Cal. 502, 511 [258 P. 387], this court said: 'But an issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result. . . . This principle also operates to demand of a defendant that all of its defenses to the cause of action urged by the plaintiff be asserted under the penalty of forever losing the right to thereafter so urge them.' (See, also, *Elm* v. *[Sacramento] Suburban Fruit Lands Co.*, 217 Cal. 223 [17 P.2d 1003]; *Andrews* v. *Reidy,* 7 Cal.2d 366, 370 [60 P.2d 832]; *Minnich* v. *Minnich*, 127 Cal.App. 1 [15 P.2d 804].)" In *Gore* v. *Bingaman*, 20 Cal.2d 118 [124 P.2d 17], the court said: "Where a question of law once determined is sought to be relitigated upon a second appeal to the same appellate court it is clearly established that the first determination is the law of the case and will not be re-examined in the absence of unusual circumstances leading to injustice or unfairness even though the issue sought to be raised involves the jurisdiction of the court on the prior appeal. (*Clary* v. *Hoagland, supra* [6 Cal. 685]; *Scrimsher* v. *Reliance Rock*

*Co., supra* [1 Cal.App.2d 382 (36 P.2d 688)]; *Washington Bridge Co.* v. *Stewart,* 44 U.S. (3 How.) 413, 424 [11 L.Ed. 658]; *Lincoln Joint Stock Land Bank* v. *Brown,* 224 Iowa 1256 [278 N.W. 294]; *Farmers' Bank & Trust Co.* v. *Stanley,* 190 Ky. 762 [228 S.W. 691]; *Grand Cent. Mining Co.* v. *Mammoth Mining Co.,* 36 Utah 364 [104 P. 573, Ann. Cas. 1912A, 254]; 3 Am.Jur. 552; 5 C.J.S. 1290; Black, Law of Judicial Precedents, p. 278.) This is so, even though it is contended that absence of jurisdiction renders the decision on the prior appeal a nullity and ineffective as a determination of any question. (See, *Clary* v. *Hoagland, supra,* p. 688.)'' Dilatory tactics in neglecting to present all points on a first appeal may often lead to an ineffective disposition of the rights of the respective parties on the vital question of time limitation. (*Carpenter* v. *Pacific Mut. L. Ins. Co.,* 13 Cal.2d 306 [89 P.2d 637].) In the present case it might cause confusion in the determination of the period of suspension.

The courts do not countenance piecemeal litigation (*Price* v. *Sixth Dist. Agricultural Assn.,* 201 Cal. 502 [258 P. 387]), though there may be exceptional cases wherein a party may suffer hardship where the doctrine of law of the case and res judicata should not be given their general application. This is not such a case. There is no merit to the contentions presented by appellant.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.