[Civ. No. 12206. First Dist., Div. Two. Jan. 25, 1943.]

PANSY PUTNAM, Respondent, v. WILLIAM MASON PUTNAM, Appellant.

Phil F. Garvey and Julia M. Easley for Appellant.

Elmer P. Delany for Respondent.

NOURSE, P. J.—The plaintiff commenced two actions to

recover sums alleged to be due under a written contract. The defendant answered, denying that the sums claimed were due, and setting up special defenses, one of which was the plea that these actions should abate the outcome of another action involving the same subject matter then pending on appeal. All defenses were summarily denied; the two actions were consolidated for trial, and plaintiff had judgment as prayed.

A brief statement of facts will suffice. In 1923 the parties, then husband and wife, entered into a written property settlement agreement which was approved and incorporated into a final decree of divorce. Under its terms the defendant agreed to pay to the plaintiff the sum of $75 monthly "for her care, maintenance and support, and the care, maintenance and support of said minor child, provided that if said second party shall divorce first party, and remarry, said allowance of $75.00 per month shall cease and terminate upon such remarriage, and thereafter first party shall pay to second party such monthly allowance for the care, maintenance and support of said minor child, as the parties hereto may mutually agree upon, and if they are unable to agree upon any such sum, then first party agrees to pay to second party for such care, maintenance and support of said minor child, such sum as may be fixed by the Superior Court of the City and County of San Francisco, State of California, as a reasonable sum for such purposes."

Prior to the commencement of these two actions the husband commenced a proceeding in the same court in declaratory relief for a decree determining his rights and obligations under the agreement subsequent to the time when the minor son reached his majority. This proceeding went to judgment; an appeal was taken therefrom, and a reversal was entered in this court on May 5, 1942. (51 Cal.App.2d 696 [125 P.2d 525].) In due time thereafter the remittitur issued from this court and was filed with the superior court.

The main issue presented and decided on the former appeal was whether the husband was required to pay the stipulated sum of $75 monthly after the son had reached his majority. In holding that the contract did not contemplate such payments, and that the husband was entitled to a judicial determination of what his duties. under the contract should be since the time when the son had reached his majority this court said: (p. 699) " . . . when the appellant agreed

to pay $75 a month for the support of the wife and *'the care, maintenance and support* of said *minor* child' did the parties contemplate that these payments should continue after the child had reached his majority? Manifestly they did not so contemplate, any more than they intended that these payments should continue after the death of either the wife or the son.

"By its express terms the alimony payments were to be made jointly for the benefit of the wife and the minor son. When the latter reached his majority all payments for his benefit automatically ceased to be due. What portion of that amount is to be paid to the wife alone is something upon which the contract is silent. It is also silent as to the contingency that the wife might die while the son was still a minor. We cannot assume that a court of equity is unable to reform the contract to meet these contingencies which the contracting parties overlooked.''

▆ We will not enter into a discussion of the question whether the doctrine of res judicata or that of the law of the case applies to a situation of this kind. In *Sutphin* v. *Speik,* 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497], the former doctrine was invoked. In *Gore* v. *Bingaman,* 20 Cal.2d 118 [124 P.2d 17], the rule of the law of the case was followed. In the Sutphin case the appeal was from a judgment in a second suit brought upon the same lease involved in a former suit and judgment. In the Gore case the question arose upon a second appeal to the same appellate court raising the issue of jurisdiction on the former appeal. In *Orwitz* v. *Board of Dental Examiners,* 55 Cal.App.2d 888 [132 P.2d 272], the court followed the res judicata theory. In *Wells* v. *Lloyd,* 21 Cal.2d 452 [132 P.2d 471], the question arose on successive appeals in the same action. In *Tally* v. *Ganahl,* 151 Cal. 418, 421 [90 P. 1049], the Supreme Court thus defined the law of the case rule: "The doctrine of the law of the case is this: That where, upon an appeal, the supreme court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal, and, as here assumed, in any subsequent suit for the same cause of action, and this although in its subsequent consideration this court may be clearly of the opinion that the former decision is erroneous in that particu-

lar.'' In *Reed* v. *Ring*, 93 Cal. 96 [28 P. 851], it was intimated that the doctrine of the law of the case applied though the action in which the ruling was made was dismissed in the trial court after remittitur was filed and a new action was commenced involving the same issue of title to land. In *Allen* v. *Bryant*, 155 Cal. 256, 258 [100 P. 704], the Supreme Court said that the rule of the law of the case '' . . . presupposes error because, if the governing principle of law had been correctly declared, there would be no occasion for the invocation of the doctrine.''

In the present case we of course do not presuppose error in the former appeal, particularly since a petition to transfer that cause to the Supreme Court was denied. Rather we must now assume that the question of the husband's liability under the contract was correctly decided. But, under either theory, the parties are now foreclosed from further litigation of that particular issue and the judgment herein must be reversed. Since the remittitur on the former appeal has been returned to the superior court several months ago, there is no reason why the parties should be put to further needless expense of litigation by a retrial of the present action. The appellant made a timely request that the present trial be delayed until the judgment in the former action became final. This request should have been granted and no further proceedings should be taken herein, unless it should appear that the appellant fails to use reasonable diligence in bringing the former action to trial.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.