CASE 58—PETITION ORDINARY—MARCH 16.

88   373
99   432

# Adams Express Company v. Hoeing.

#### APPEAL FROM FAYETTE CIRCUIT COURT.

RES JUDICATA—APPEALS.—The Superior Court reversed a judgment in favor of the defendant, and remanded the cause for further proceedings. Upon another trial the circuit court, following the law as laid down by the Superior Court, rendered judgment for plaintiff, and upon a second appeal the Superior Court affirmed the judgment and granted an appeal to this court. *Held*—That the Superior Court having complete jurisdiction of the first appeal, and no appeal being then granted to this court, this court can not now reverse a judgment following the mandate of the Superior Court, even if it differs from the conclusions reached by that court.

BRECKINRIDGE & SHELBY FOR APPELLANT.

1. A shipper who stipulates that a package sent by express does not exceed in value a certain sum, and pays for transportation upon such basis, is estopped, in case of loss, to allege a greater value. (Hart v. Penn. R.

R. Co., 112 U. S., 331; Belger v. Dinsmore, 51 N. Y., 166; Lawson on Contract of Carriers, sections 86, 88; Adams Express Co. v. Nock, 2 Duvall, 562.)

2. In an action against a carrier for failure to deliver, the measure of damages is the fair market value of the goods at the place of destination. (Sedgwick on Damages, chapter 13, pages 355, 356, and chapter 19, page 474.)

D. G. FALCONER for appellee.

1. The consignor having property in the goods at the time of shipment, and paying transportation charges, has a right to sue in his own name for failure to deliver. (Civil Code, section 21; Northern Line Pack. Co. v. Shearer, 61 Ill., 263; Bliss on Code Pleading, section 57; Kentucky Law Reports, volume 4, page 912; Angell on Carriers, section 495; Redfield on Carriers, section 321; G. W. R. R. Co. v. McComas, 33 Ill., 185; Adams Express Co. v. Goodloe, MS. Op. Court of Appeals of Ky., October, 1874.)

2. The package having been delivered to the express company to transport, and having been lost, and no explanation of the loss given, the presumption is that the loss was caused by the negligence of the company. (Lawson on Carriers, page 369; Adams Express Co. v. Crawford, 8 Ky. Law. Rep., 619; Hoeing v. Adams Express Co., 8 Ky. Law Rep., 155.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action involved the liability of the Adams Express Company for the loss of a package received from the appellee by that company to be delivered in the city of New York to Julius Bien & Co. The printed stipulations of the receipt for its delivery relieve the company from liability, except for fraud or gross negligence, and limit its liability to the sum of fifty dollars as the value of the article, unless otherwise expressed. On the trial in the circuit court, the loss of the package having been admitted and the company tendering the fifty dollars, the circuit court held that no other recovery could be had, and the plaintiff, insisting that he was entitled to recover the value of the package, appealed to the Superior Court, and that court held that the receipt relied on by the com-

pany as fixing the value at fifty dollars was not a contract between the plaintiff and the company, and in effect held that the plaintiff was entitled to recover the value of his lost package, if the facts alleged were true.

The demurrer was directed to be overruled for further proceedings. On the return of the case an issue was formed and the court below, following the law as laid down by the Superior Court, rendered a judgment for the plaintiff for the value of the package, the law and facts having been submitted to the judge without the intervention of a jury. The value of the package was fixed at three hundred dollars, and this is sustained by the testimony. A second appeal was taken to the Superior Court, and that court, following the doctrine recognized in the first opinion, affirmed the judgment and allowed an appeal to this court. It seems to us the principal question was settled by the Superior Court in its first opinion, and following that opinion the circuit judge properly rendered a judgment for the plaintiff, and there is nothing left for this court to determine save the question as to the value of the package. It was lost by the neglect of the appellant, and the plaintiff swears that it was worth three hundred dollars. He was nearly three months engaged in making the maps constituting the package, and the estimate placed upon his labor or its results is not too high, from his statement. The court below finds that the appellee did not know the stipulations contained in the receipt as to value, and that the receipt was the ordinary receipt of the company, with the blanks to be filled, and it is evident that if the receipt is not the contract, no representation was made

by the appellee that misled the company. We have in fact nothing before us in this case, and could not, if we differed from the conclusions reached by the Superior Court, reverse the judge of the lower court for following the mandate of a court having full and complete jurisdiction of all the issues made on the appeal. If on the first appeal, when the law of this case was settled by the Superior Court, an appeal had been allowed, this court would then have had full power to revise the action of the Superior Court, and the mandate would have gone directly to the court below. As it is, the mandate went from the Superior Court, and we are now asked to reverse the judgment of the circuit judge because he followed the law as settled by a court whose opinion was as binding on him as if rendered by this court.

The court below finds there was no delivery of the package that contained maps of the Geological Survey; that no inquiry was made of the plaintiff as to its value by the defendant; that the package was lost by the neglect of the company. The fact that the appellant inserted the name of the consignee or the place of delivery did not estop him from recovering its value.

We find no error in the judgment. It is affirmed.