[19189.  Department One.—April 7, 1893.]

## A. KLAUBER ET AL., RESPONDENTS, v. SAN DIEGO STREET CAR COMPANY, APPELLANT.

APPEAL—LAW OF THE CASE—DIFFERENT FACTS ON SECOND APPEAL.—The rule that upon a second appeal in a cause the court must accept its former decision as the law of the case is applicable only when the same matters that were determined on the first appeal are brought before it on the second appeal, and should not be extended to prevent a judicial consideration of the case beyond the exigences which demanded its application, and whenever upon the second hearing the record presents a different state of facts, or different questions of law, the former determination ceases to be an estoppel, and this court is at liberty to consider the questions presented as fully as though presented upon a first appeal.

ID.—FIRST APPEAL BY PLAINTIFF—REVERSAL OF JUDGMENT UPON FINDINGS—SECOND APPEAL BY DEFENDANT—BILL OF EXCEPTIONS—DISMISSAL.—Where the plaintiff took a first appeal from the judgment upon the judgment-roll alone, without a bill of exceptions, and a judgment was thereupon ordered to be entered

upon the findings for appellants, and a second appeal was thereupon taken by the defendant from the judgment so entered, upon a record containing exceptions taken by him at the trial, and settled by the judge who tried the cause, such exceptions could not have been considered upon the first appeal, and may be properly determined upon the second appeal; and the second appeal will not be dismissed upon the ground that the decision of the first appeal is the law of the case upon the second appeal, and that no appeal could be taken from the final judgment ordered upon that appeal.

ID.— FINAL JUDGMENT—ENTRY OF NEW JUDGMENT IN LIEU OF VACATED JUDGMENT—NOTICE OF ENTRY—TIME FOR SETTLEMENT OF EXCEPTIONS.—There can be only one final judgment in an action; and when a judgment entered has been vacated and another entered in lieu thereof, the last judgment becomes the only judgment in the cause, and the notice of its entry is the point of time from which the right of the party against whom the judgment is entered to have a bill of exceptions settled to be attached to the judgment-roll, begins to run, and this is so although the new judgment was entered by direction of the appellate court, upon an appeal taken by the opposite party.

MOTION to dismiss an appeal from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Gibson & Titus,* for Appellant.

*Parrish, Mossholder & Lewis,* and *Luce & McDonald,* for Respondent.

HARRISON, J.— Upon the trial of this cause findings of fact were made and filed by the court, upon which judgment was rendered in favor of the defendant. From that judgment the plaintiff appealed directly to this court, upon the judgment-roll alone, without any bill of exceptions, and upon the hearing in this court the judgment was reversed and the superior court directed to enter a judgment upon the findings, in accordance with the prayer of the complaint (95 Cal. 353); and upon the going down of the remittitur the superior court caused judgment to be entered in favor of the plaintiffs in accordance with the directions of this court. Thereupon, within the time authorized by section 650 of the Code of Civil Procedure, the defendant prepared a bill containing certain exceptions taken by it at the trial, and the same was settled by the judge who had tried the case, and filed with the clerk. The defendant has now appealed from the judgment entered against it, as aforesaid, bringing up with the judgment-roll this bill of exceptions. The respondent moves to dismiss the appeal upon the ground

that the former action by this court has become the law of the case, and that the judgment entered thereunder has become final, from which no further appeal can be taken.

The "law of the case" is a phrase which has been formulated in this state to give expression to the rule that the final judgment of the highest court upon a question of law arising between the parties to an action on a given state of facts, establishes the rights of the parties to that controversy, and is a final determination thereof, and like a final judgment in any other case, estops the parties thereto from afterwards questioning its correctness. This court has no appellate jurisdiction over its own judgments, and such judgment, therefore, constitutes an estoppel of record of the highest character, and is conclusive between the parties as to the matters adjudged. Hence, it has been invariably held that upon a second appeal in a cause, this court must accept its former determination as conclusive, and is precluded from any re-examination of the matters therein determined. As this rule is, however, applicable only to matters which have been determined by the court, it is only when the same matters that were determined on the first appeal are brought before it on a second appeal that the rule can be invoked; and, being a rule which tends to prevent a judicial consideration of the case, it is not to be extended beyond the exigencies which demand its application, and it is therefore held that whenever upon the second hearing the record presents a different state of facts, the former determination ceases to be an estoppel.

When an appeal is taken to this court, the record on the appeal is brought here by the appellant, and, if the appeal is merely from the judgment, the only portion of the records of the court below that he is required to bring up is the judgment-roll and "any bill of exceptions or statement in the case upon which the *appellant* relies." (Code Civ. Proc., sec. 950.) If a judgment has been rendered in favor of the defendant, and the plaintiff appeals therefrom, the defendant is only interested in maintaining the judgment, and cannot ask this court to consider any errors against him which the court below may have committed at the trial. This court will examine only the statement or bill of exceptions upon which the appellant relies, and in the

preparation of such bill of exceptions, only such errors as the moving party deems essential to present his grounds of reversal, and so much of the evidence as is necessary to explain them, are to be included. "Any exception taken by the prevailing party, either to the exclusion of evidence offered by himself, or to the admission of evidence against his objection, would be useless and redundant matter, and should not be allowed by the judge as an amendment to a bill proposed by the losing party. The amendments which may be proposed to the draft of a bill relate to the evidence or other matter which section 648 authorizes to be stated in the bill for the purpose of explaining the objection taken, and do not include exceptions taken by the party proposing the amendments, or any evidence or other matter necessary to explain the same." (*In re Gates,* 90 Cal. 259.) Upon the hearing in this court only such errors as are relied upon by the appellant for the reversal of the judgment will be considered. Hence, the respondent is precluded upon the appeal from having any consideration by this court of those errors which, if the judgment had been adverse to him, might have been sufficient for a reversal; and even though a bill of exceptions containing those errors had been settled by the judge before the appeal, it would form no part of the transcript, and would not be considered by this court upon an appeal from a judgment in his favor.

As it is only when upon the second appeal the record presents the same matters, either of fact or of law, upon which the determination of this court was rendered at the former appeal, that that determination is held to be final, it follows that, if there is presented, upon the second appeal, a different state of facts or any errors that were committed by the trial court which were not presented in the former record, this court is at liberty to consider them as fully as though presented upon a first appeal. In case, therefore, the respondent upon the first appeal shall afterwards appeal from a judgment rendered against him upon a second trial, in which the same errors were committed as were committed at the first trial, he will not be precluded from having them considered by this court, even though the effect thereof should be a reversal of the second judgment, and indirectly a determination by this court that the first judgment of the court below should have been in his favor.

Section 650 of the Code of Civil Procedure provides that a party who desires to have the exceptions taken at a trial settled in a bill, may, within ten days after receiving notice of the judgment, prepare a draft thereof, and have the same settled by the judge. A judgment is the final determination of the rights of the parties to an action or proceeding, and as there can be only one final judgment in an action, if for any reason a judgment that has been entered is vacated, and another judgment entered in lieu thereof, this last judgment becomes the only one in the case, and the notice of its entry is the point of time from which the right to have a bill of exceptions settled begins to run. For this purpose there is no distinction between a judgment rendered by the trial court upon its original determination of the cause and a judgment which it enters in obedience to the direction of this court after an appeal; and a judgment entered by it in obedience to such direction has no greater sanctity upon an appeal than if it had been entered under the direction of this court to try the cause anew, and render a judgment in accordance with the opinion of this court. If in either case any errors have supervened prior to the entry of the judgment, and which conduced thereto, that were not presented in the record upon the former appeal, this court is not precluded from their examination. If the findings of fact upon which the judgment rests are based upon evidence that was improperly admitted, the party against whom the judgment was rendered is entitled to have those errors corrected. The statute permits an appeal from a judgment by any party who is aggrieved thereby, and it also permits him to have any exceptions taken at the trial which he desires incorporated in a bill of exceptions settled by the judge. It also makes all bills of exceptions taken and filed a part of the judgment-roll (Code Civ. Proc., sec. 670), and requires the appellant to bring to this court upon an appeal from the judgment a copy of the judgment-roll. (Code Civ. Proc., sec. 950.) If upon such appeal there are found in the record matters which were not determined upon the former appeal, he has the right to be heard thereon. In *Heinlen* v. *Beans*, 73 Cal. 240, this court had directed the superior court to enter a judgment in favor of the defendants, and when the remittitur went down such judgment was accord-

ingly entered. The plaintiff, however, sought to procure an amendment of his complaint, which was denied, and on his appeal from the judgment thus entered against him, brought to this court no other record than the judgment itself and an exception to the ruling of the court refusing leave to amend his complaint. This court very properly dismissed the appeal, as there was no pretense of error in the judgment entered by the court below. The present case differs materially from that, however, in that it presents a bill of exceptions containing matters directly affecting the findings of fact upon which the judgment rests, and as those matters were not before the court upon the former appeal, the "law of the case" has no application.

The motion is denied.

PATERSON, J., and GAROUTTE, J., concurred.