[S. F. No. 3495. Department One.—October 14, 1905.]

## D. LAMBERT, Respondent, v. GEORGE E. BATES, Appellant.

APPEAL—FORMER DECISION—SUFFICIENCY OF FINDINGS—LAW OF CASE.—Where upon a former appeal a judgment for the defendant was reversed, and judgment ordered for the plaintiff upon the findings, the sufficiency of the findings to support the judgment so ordered is the law of the case upon a second appeal from the judgment entered as ordered.

ID.—LIEN OF STREET ASSESSMENT—FORECLOSURE—FAILURE TO PERFORM CONTRACT—APPEAL TO COUNCIL—CONCLUSIVE ADJUDICATION.—In an action to foreclose the lien of a street assessment a finding that plaintiff had failed to perform his contract is immaterial, in view of the law requiring an appeal to the city council, and a finding that such an appeal had been taken, and the objections of the owner thereto overruled. The decision of the council upon such appeal was conclusive upon the owner.

ID.—RIGHT OF APPEAL FROM JUDGMENT ORDERED BY THIS COURT.—The party against whom judgment is ordered by this court to be entered upon reversal of a former judgment in his favor, has the right to appeal from the judgment so entered, and may correct any error in its entry, and may also present exceptions taken by him upon the trial of the action, but cannot have reviewed any matter which has become the law of the case.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Freeman & Bates, and E. D. Magee, for Appellant.

Alexander G. Eells, and H. K. Eells, for Respondent.

ANGELLOTTI, J.—This is an action to foreclose the lien of a street assessment. A trial was had, resulting in a judgment for defendant. The plaintiff appealed to this court, and the judgment herein was as follows, viz.: "The judgment is reversed, and the superior court is directed to enter judgment on the findings for the plaintiff, as prayed for in his complaint." (*Lambert* v. *Bates,* 137 Cal. 676, 680, [70 Pac. 777, 778].) Upon the going down of the *remittitur* the superior court complied with the mandate of this court and entered the judgment for plaintiff required thereby. This is an appeal on the judgment-roll alone, taken by the defendant from the judgment so entered under the order of this court. There is no claim that the judgment as entered does not fully comply with the directions of this court on the former appeal, the only contention made by appellant being that the findings do not support the judgment.

The rule contended for by appellant that a judgment cannot stand on appeal unless it be supported by the findings cannot, of course, be disputed. The decision of this court upon the former appeal is, however, conclusive upon the point that the findings here do support the present judgment, and the contention of appellant is simply a request that this court reconsider its previous ruling. When this court directed this particular judgment to be entered upon these findings, it necessarily adjudicated that question against the contention of appellant, and we are not at liberty to consider the question anew upon this appeal. The decision upon that point has become the law of the case. An examination of the opinion given on the former appeal shows that the particular finding claimed by appellant to be inconsistent with the right of plaintiff to a judgment, viz., that the plaintiff had failed to perform all the terms and conditions of his contract, and that the

macadamizing and guttering had not been done to the official grade, was considered immaterial by this court, in view of the law requiring an appeal by the owner to the city council upon such matters, and the finding that such an appeal had been made and the objections of the owner on such appeal overruled. It was held that, upon the record before the court, the decision of the council upon those questions was conclusive upon the owner, and that the objections were therefore not available to him here. We see no reason to question the correctness of this decision, even if the matter were here open for review.

The right to appeal from a judgment entered in a superior court by direction of the appellate court undoubtedly exists. As has been said, great injustice might be done, if it should be held that such a judgment is not appealable. (See *Randall* v. *Duff*, 107 Cal. 33-36, [40 Pac. 20].) If the lower court enters a judgment that is not in accord with the directions of the appellate court, the error may be corrected on appeal. If upon an appeal by one party upon the judgment-roll the judgment is reversed and judgment ordered entered upon the findings in his favor, the other party may, by an appeal upon a proper record, present for consideration exceptions taken by him on the trial of the action. (*Klauber* v. *San Diego*, 98 Cal. 105, [32 Pac. 876].) Other instances of questions that could be considered on such an appeal might be enumerated, but they cannot include such matters as were definitely determined on the former appeal. As to such matters, the doctrine of the "law of the case" makes the former decision conclusive. (*Klauber* v. *San Diego, supra.*)

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.