[L. A. No. 11458. In Bank.—December 15, 1931.]

DAISY LEE HARRIS, Appellant, v. W. J. HENSLEY, Respondent.

Stephen Monteleone for Appellant.

Siemon & Garber for Respondent.

SHENK, J.—This is an appeal from a judgment of dismissal after the sustaining of a demurrer to the amended complaint as amended without leave to amend.

The plaintiff was formerly the wife of the defendant. After their divorce the plaintiff brought an action against the defendant to establish a lien on real property and for an accounting. On the first trial of that action judgment went for the plaintiff and the defendant appealed. The judgment was reversed. (*Harris* v. *Hensley*, 83 Cal. App. 283 [256 Pac. 832].) On the second trial the court found for the defendant and entered judgment accordingly. From that judgment the plaintiff appealed. On motion of the defendant the second appeal was dismissed by this court on August 6, 1928, for failure of the appellant to file a transcript.

Thereafter the plaintiff commenced the present action to set aside the former final judgment as null and void, and to obtain the relief sought in the original action. The order sustaining the demurrer without leave to amend in this action is now asserted to be error.

The record discloses that upon the retrial after the reversal of the first judgment the cause was tried *de novo*.

In support of the present appeal it is contended that the trial court was without jurisdiction to enter upon such a retrial by reason of the language of the decision and the order of the District Court of Appeal in reversing the first judgment. This contention is based first on the plaintiff's construction of the language of the decision of the District Court of Appeal wherein it is claimed that said court limited the retrial to the two specific issues of the amount the court should find the plaintiff had contributed to the defendant's former business and to the interest on a further and separate amount to which the court found on the first trial the plaintiff was entitled, computed from a date to be ascertained on the retrial. And, secondly, on the order of the District Court of Appeal as follows: ''The judgment of the trial court is reversed, with directions to proceed in accordance with the suggestions contained in this opinion, and to take such evidence as may be necessary to determine the matters therein indicated.'' It is therefore insisted that the trial *de novo* and the judgment denying any relief to the plaintiff is inconsistent with the directions of the reviewing court and is a nullity.

It cannot be questioned that the trial court on the retrial had general jurisdiction of the subject matter of the action and of the parties thereto. To what extent the court was limited in the exercise of this jurisdiction, in view of the language of the decision of the reviewing court, was in the first instance for the trial court to determine. The trial court had the power to place its construction on the meaning, extent and limitations of the language of the decision and the judgment of the District Court of Appeal, and if its determination in that respect were erroneous the error was in the exercise of its jurisdiction and the plaintiff had a remedy by an appeal from the judgment. (*Ludlum* v. *Fourth Dist. Court,* 9 Cal. 7, 13; *Randall* v. *Duff,* 107 Cal. 33, 36 [40 Pac. 20]; *Dixon* v. *Risley,* 114 Cal. 204 [46 Pac. 5]; *Tuffree* v. *Stearns Ranchos Co.,* 124 Cal. 306, 310 [57 Pac. 69]; *Lambert* v. *Bates,* 148 Cal. 146 [82 Pac. 767]; 4 C. J., pp. 1211, 1243.) This remedy the plaintiff herein sought by an appeal from said judgment but the appeal was ineffectual and the judgment became final by reason of the dismissal of the appeal. Where the reviewing court expresses an opinion on a question of fact, such

opinion does not become the law of the case and is not binding on the trial court when further and additional evidence on the issue may be and is introduced on the retrial. (*Allen v. Bryant*, 155 Cal. 256 [100 Pac. 704].) ▮ In the absence of a showing to the contrary, and there is none, it must be assumed that the judgment which has become final was supported by the findings, and that the findings were supported by the evidence.

Furthermore, the judgment of the District Court of Appeal was not a direction to enter a different or any judgment. If the trial court erred in its determination of the extent to which, if at all, it was bound by the suggestions of the reviewing court, the remedy was by the appeal which the plaintiff sought but lost through her own fault.

Under all of the facts stated in the plaintiff's pleadings, we fail to discover any ground for equitable or other relief upon which to base the present action.

No other points require discussion.

The judgment is affirmed.

Seawell, J., Preston, J., Langdon, J., Curtis, J., Richards, J., and Waste, C. J., concurred.