[L. A. No. 16072. In Bank.—March 26, 1937.]

LOUISE PILLSBURY, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent.

E. C. Bowen and Albert E. Coger for Petitioner.

William L. Waters for Respondent.

SHENK, J.—This is an application for the writ of prohibition to restrain the respondent superior court from entertaining jurisdiction to hear evidence and determine issues raised by an amended complaint filed by its permission after repeal from and reversal of a portion of the judgment in the action.

In 1933 the petitioner, Louise Pillsbury, filed an action for divorce against William Pillsbury. She also sought a division of the community property. The alleged community property consisted of three pieces of real property conveyed in August of that year to William Pillsbury by Laura Belle Resh in consideration of commissions owing to him from real estate transactions conducted while he was in the employ of Mrs. Resh. The latter was joined as a defendant in the divorce action for the purpose of determining the ownership of the property involved. Mrs. Resh filed an answer claiming sole ownership. She also commenced a separate action to quiet title to the same property, naming the Pillsburys, husband and wife, as defendants. Louise Pillsbury answered in that action, setting up the claimed community interest. The issues in the two actions affecting the ownership of the real property were consolidated for trial. The court adjudged that by unqualified grant deeds executed by Mrs. Resh to

William Pillsbury on August 3, 1933, and delivered to him, title to the property passed to Pillsbury, but that by virtue of a collateral oral agreement a life interest was retained by Mrs. Resh. Louise Pillsbury appealed from that portion of the judgment which decreed that a life interest was retained by Mrs. Resh. On the appeal the portion of the judgment appealed from was reversed on the ground that evidence of the contemporaneous oral agreement was inadmissible and ineffectual under the issues to change the solemn declaration of the grant deeds. (*Resh* v. *Pillsbury*, 12 Cal. App. (2d) 226 [55 Pac. (2d) 264, 267].) The judgment of the District Court of Appeal was as follows: ''The portions of the judgment appealed from are reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.''

After the going down of the *remittitur* Laura Belle Resh was granted leave to file and did file an amended complaint setting forth a cause of action for reformation of the deeds to conform to the alleged true intent and understanding of the parties to preserve to her a life interest in said properties, and which was allegedly not carried out through mutual mistake of law and fact. Whereupon the petitioner herein, Louise Pillsbury, filed her application for the writ of prohibition, and an alternative writ was issued.

The restraint on any exercise of jurisdiction by the respondent court in proceeding to try the issues offered by the amended complaint is sought on the ground that upon the going down of the *remittitur* after reversal of the portion of the judgment appealed from, the respondent court had no jurisdiction to proceed in any manner except by the entry of a judgment that the property constituted the community property of the spouses without the reservation of any interest in Mrs. Resh. This contention is based on the petitioner's view of the necessary interpretation and application by the respondent court of the order of reversal. The petitioner urges that the order of reversal is tantamount to a reversal ''with directions to enter judgment for the appellant'', and leaves the respondent court without jurisdiction to proceed in any other manner.

But this is not necessarily the effect of the reviewing court's order. If it were, then, pursuant to such cases as *Keller* v. *Lewis,* 56 Cal. 466, *Lial* v. *Superior Court,* 133 Cal. App. 31

[23 Pac. (2d) 795], and *Fair Haven & W. R. Co.* v. *City of New Haven,* 77 Conn. 667 [60 Atl. 651], we could say there is merit to the petitioner's asserted right to a writ prohibiting the court from acting in any manner except in conformity with such a direction. But proceedings not inconsistent with the views expressed by the District Court of Appeal may in a proper case contemplate the granting of permission to file an amended pleading. In the absence of any limitation imposed by the language of the decision of the reviewing court, the trial court has jurisdiction to permit amended pleadings to be filed. (*Gould* v. *Stafford,* 101 Cal. 32 [35 Pac. 429]; 2 Cal. Jur., pp. 1053, 1054; *Stusser* v. *Gottstein,* 187 Wash. 660 [61 Pac. (2d) 149].)

█ The petitioner seeks to apply the tests inherent in the doctrine of *res judicata.* Such a plea where appropriate must be affirmatively relied upon and presents questions for the determination of the trial court in the exercise of its jurisdiction. (*Baird* v. *Superior Court,* 204 Cal. 408 [268 Pac. 640].) Ordinarily that doctrine is applicable to issues which have been determined by final judgment in another action. It is not effective when there has been as yet no final judgment on all the issues between the parties. █ Here the decision of the District Court of Appeal is the law of the case and governs its subsequent course on the undetermined issues in so far as the same facts and principles of law are concerned. But it is not an adjudication in the same sense as a final judgment in the action. Without an express direction to enter a specified judgment it does not impose a limit upon the power of the court to permit further amendments. (*Ellis* v. *Witmer,* 148 Cal. 528 [83 Pac. 800].) █ The fact that only a portion of the judgment was appealed from in this case does not serve to divest the court of its jurisdiction to decide the question of the effect of the finality of the portion of the judgment not appealed from on the right of the parties further to amend. Whether the court has properly exercised its jurisdiction in the conduct of the proceedings subsequent to the reviewing court's decision is therefore not a question which may be inquired into on an application for a writ of prohibition on the case here presented. (*Harris* v. *Hensley,* 214 Cal. 420 [6 Pac. (2d) 253]; *Brown* v. *Superior Court,* 13 Cal. App. (2d) 693 [57 Pac. (2d) 965].)

The alternative writ is discharged and the application for a peremptory writ is denied.

Seawell, J., Edmonds, J., Langdon, J., Curtis, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.