[L. A. No. 17284. In Bank. Nov. 27, 1941.]

SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association) Respondent, v. EDWARD H. MARXEN, as Trustee in Bankruptcy, etc., et al., Defendants; LA MONICA DANCE HALL, INC. (a Corporation), Appellant.

L. R. Brigham and H. Elliot Pownall, Jr., for Appellant.

Thorpe & Bridges, Roane Thorpe and Gerald Bridges for Respondent.

SHENK, J.—On August 22, 1935, the Security-First National Bank of Los Angeles brought an action against Edward H. Marxen, as trustee of Santa Monica Amusement Company, a bankrupt, La Monica Dance Hall, Inc., and others, to quiet title to certain real property in the city of Santa Monica. The defendant, La Monica Dance Hall, Inc., answered the complaint. A decree was entered which included an adjudication that the plaintiff's right, title and interest was subject to the leasehold rights of La Monica Dance Hall, Inc. The plaintiff appealed. The portion of the judgment decreeing the plaintiff's title to be subject to the leasehold rights of the defendant, La Monica Dance Hall, Inc., was reversed

with directions to the trial court to enter judgment quieting the plaintiff's title as against the claims of said defendant. (*Security-First National Bank of Los Angeles* v. *Marxen,* 28 Cal. App. (2d) 446 [82 Pac. (2d) 727].) Thereupon La Monica Dance Hall, Inc., hereinafter referred to as the defendant, filed a notice of intention to move for a new trial. The motion was denied and the trial court entered judgment in accordance with the directions of the order of reversal. From the judgment so entered this appeal is prosecuted.

The defendant contends that the trial court erred in denying its motion for a new trial. It also asserts that inasmuch as neither the District Court of Appeal nor the trial court made new findings of fact, the present judgment is not supported by the findings.

Finding VIII is asserted by the defendant to be the only finding on the issues raised between the plaintiff and the defendant, and that the reversal by the District Court of Appeal was based on lack of evidence to support that finding. Finding VIII states that the title of the plaintiff was subject to the interest of the defendant as lessee under the terms of a lease dated August 24, 1928, entered into between Santa Monica Amusement Company as lessor and the defendant as lessee, and that the expiration date of said lease was June 6, 1936.

The defendant, however, is incorrect in assuming that finding VIII was the only finding on the issues as between the plaintiff and the defendant. The District Court of Appeal on reversal in substance concluded that finding VIII was inconsistent with other findings of the trial court to the effect that La Monica Dance Hall, Inc., had entered into two agreements, one dated September 12, 1932, and one dated May 25, 1935, by which, it was held, the defendant had expressly subordinated its title to that of the plaintiff, and that because of those agreements finding VIII had no support in the evidence. The other findings referred to are the basis of the judgment directed to be entered against the defendant and are sufficient support for the present judgment. When it has been determined by an appellate court that the evidence and the findings support only a particular judgment which is directed to be entered, it becomes unnecessary for that court to make additional findings, even though it also concludes that certain other findings are not supported

by the evidence. There is here no contention that the present judgment was not entered in accordance with the direction of the appellate court. ██ The decision on the former appeal that the remaining findings and the evidence support only the present judgment is conclusive against the defendant's contentions on this appeal. (*Lambert* v. *Bates,* 148 Cal. 146 [82 Pac. 767].)

The contention that the trial court erred in denying the defendant's motion for a new trial is based on the assumption that the reason for the reversal on the former appeal was the supposed financial inability of the defendant, La Monica Dance Hall, Inc., to comply with the provisions of the lease. The showing on the motion for a new trial was directed to an offer of proof that the defendant was able financially to comply with the terms of the lease. The District Court of Appeal in its decision made some reference to an absence of evidence that the defendant, having assigned its lease, had retained any other source of income from the leased property with which it could pay the stipulated rentals (28 Cal. App. (2d) at p. 454); but, from what we have said, it is apparent that its remarks in that respect were not necessary for the determination of the appeal. ██ The law of the case, as established by the judgment of reversal, is that the defendant expressly, by written agreement, and by joining in a subsequent lease, both of which were found by the court to have been duly executed, had subordinated its leasehold rights to the right and title of the plaintiff. The issues presented questions of law only. Those issues, decided adversely to the defendant on the former appeal, also require an affirmance of the judgment on this appeal. (*Lierly* v. *McEwen,* 208 Cal. 645 [283 Pac. 943]; *Snoffer* v. *City of Los Angeles,* 14 Cal. App. (2d) 650 [58 Pac. (2d) 961].)

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.