[S. F. No. 16287.   In Bank.   Apr. 2, 1942.]

EVA GORE et al., Respondents, v. JOSEPH W. BINGA-MAN, Trustee, etc., et al., Appellants.

Fitzgerald, Abbott & Beardsley, C. A. Beardsley and Clark & Heafey for Appellants.

Weinmann, Quayle & Berry and George Olshausen for Respondents.

GIBSON, C. J.—Plaintiffs brought this action to quiet title to a share of the income from certain trust property and for a declaratory judgment to establish their rights under the terms of the trust, as set forth in a decree of distribution. The trial court rendered a judgment in favor of defendants, and plaintiffs appealed to the District Court of Appeal, First Appellate District. That court reversed the judgment, and thereafter a hearing was denied in this court. (See *Gore* v. *Bingaman,* 29 Cal. App. (2d) 460 [85 P. (2d) 172].) The trial court thereupon entered judgment for plaintiffs in accordance with the decision of the District Court of Appeal. Defendants now prosecute this appeal from the judgment of the superior court entered pursuant to the remittitur of the District Court of Appeal.

This court has hitherto denied petitions for writs of certiorari and prohibition both of which challenged the judgment of the superior court entered after the remittitur. The denial of these writs was based, in part, upon the ground that defendants had a remedy by appeal. ■ A final judgment entered by a superior court under the direction of an appellate court is appealable. (*Lambert* v. *Bates,* 148 Cal. 146, 148 [82 Pac. 767]; *Randall* v. *Duff,* 107 Cal. 33, 36 [40 Pac. 20]; *Klauber* v. *San Diego St. Car Co.,* 98 Cal. 105, 109 [32 Pac. 876].) It is true that this right may be a mere naked right of appeal where every issue which might be presented has been determined upon the previous appeal. (*Lierly* v. *McEwen,* 208 Cal. 645, 646 [283 Pac. 943].) Thus, questions of law which were determined upon the first appeal cannot

be presented for a re-determination. (*Lambert* v. *Bates, supra; Security-First National Bank* v. *Marxen,* 19 Cal. (2d) 100 [119 P. (2d) 131].) The second appeal must be limited to questions arising from the action of the trial court which were not involved in the prior appeal. (*Klauber* v. *San Diego St. Car Co., supra; Harris* v. *Hensley,* 214 Cal. 420, 422 [6 P. (2d) 253]; *Phillips* v. *Patterson,* 34 Cal. App. (2d) 481, 487 [93 P. (2d) 807].) In this case no claim is made that the superior court did not follow the remittitur. Defendants, appellants herein, contend that the judgment of the superior court is void because it was based solely upon the decision of the District Court of Appeal. That decision, it is contended, was a nullity because the action is a case in equity which should have been appealed directly to the Supreme Court under the constitutional provision conferring exclusive appellate jurisdiction over cases in equity upon this court.

The question thus presented is whether this action is legal or equitable in character within the meaning of the constitutional provision. Where a statutory remedy is involved which was created long after the historic distinctions between actions at law and cases in equity were formulated, there is extreme difficulty in applying the sections of the Constitution basing the division of appellate jurisdiction between the Supreme Court and District Courts of Appeal upon that distinction. We have recently referred to the unfortunate aspects of this constitutional requirement. (*De Garmo* v. *Goldman,* 19 Cal. (2d) 755, 767-769 [123 P. (2d) 1].) Similar considerations make it difficult to determine whether an action for declaratory relief is to be classified as legal or equitable for the purposes of appellate jurisdiction. The code provisions do not characterize the remedy as legal or equitable in this state (Code Civ. Proc., secs. 1060 *et seq.*), and while authorities agree that its historical sources are almost exclusively equitable, the remedy has been stated to be *sui generis* rather than strictly legal or equitable. (Borchard, Declaratory Judgments [2d ed. 1941], pp. 238, 248, 399, 439.) Thus, it has been suggested that where it becomes important under constitutional provisions to classify a particular action for declaratory relief as legal or equitable, the determination should depend upon the issues involved in the particular action. (See 13 So. Cal. L. Rev. 170, et seq.; 28 Cal. L. Rev. 638.)

The issue sought to be raised upon this appeal, however, is no longer open for determination in this case. Although it

may have been decided erroneously, the question whether the present action is legal in nature and properly appealable directly to the District Court of Appeal is one which was determined by that court upon the prior appeal. As the court said in *Clary* v. *Hoagland*, 6 Cal. 685, 688: "The first point decided by any Court, although it may not be in terms, is, that the Court has jurisdiction, otherwise it would not proceed to determine the rights of the parties." (See, also, *Scrimsher* v. *Reliance Rock Co.*, 1 Cal. App. (2d) 382, 393 [36 P. (2d) 688].) ▉ Where a question of law once determined is sought to be relitigated upon a second appeal to the same appellate court it is clearly established that the first determination is the law of the case and will not be re-examined in the absence of unusual circumstances leading to injustice or unfairness even though the issue sought to be raised involves the jurisdiction of the court on the prior appeal. (*Clary* v. *Hoagland, supra; Scrimsher* v. *Reliance Rock Co., supra; Washington Bridge Co.* v. *Stewart*, 44 U. S. (3 How.) 413, 424 [11 L. Ed. 658]; *Lincoln Joint Stock Land Bank* v. *Brown*, 224 Iowa 1256 [278 N. W. 294]; *Farmers' Bank & Trust Co.* v. *Stanley*, 190 Ky. 762 [228 S. W. 691; *Grand Cent. Mining Co.* v. *Mammoth Mining Co.*, 36 Utah 364 [104 Pac. 573; Ann. Cas. 1912A, 254]; 3 Am. Jur. 552; 5 C. J. S. 1290; Black, Law of Judicial Precedents, p. 278.) This is so, even though it is contended that absence of jurisdiction renders the decision on the prior appeal a nullity and ineffective as a determination of any question. (See, *Clary* v. *Hoagland, supra*, p. 688.)

Where the first appeal was decided by an intermediate appellate court and the second appeal is taken to the court of last resort, there is a variance among the courts of different states as to whether the doctrine of law of the case is applicable to the decision of the intermediate appellate court. (See, 41 A. L. R. 1078, 118 A. L. R. 1286.) In certain states if there is no opportunity to challenge the intermediate appellate court's determination of the first appeal in the higher court, the court of last resort will not consider itself bound by the first decision when the case finally reaches that court. (Cf. *Wright* v. *Risser*, 378 Ill. 72 [37 N. E. (2d) 778]; *Weiner* v. *Pictorial Paper Package Corp.*, 303 Mass. 123 [20 N. E. (2d) 548].) It is generally held, however, that questions determined by an intermediate appellate court constitute the law of the case after the judgment becomes final if the party seeking the second appeal failed to challenge the prior deter-

mination in the court of last resort. (*Chandler* v. *Lafferty,* 282 Pa. 550 [128 Atl. 507]; *State* ex rel. *Anderson Motor Serv. Co.* v. *Pub. Serv. Comm.,* 234 Mo. App. 470 [134 S. W. (2d) 1069], aff'd — Mo. —, 154 S. W. (2d) 777) or if the higher court refused to review the prior determination of the intermediate appellate court. (*Life & Casualty Ins. Co.* v. *Jett,* 175 Tenn. 295 [133 S. W. (2d) 997]; *Huntington* v. *Westerfield,* 119 La. 615 [44 So. 317]; *Adams Express Co.* v. *Hoeing,* 88 Ky. 373 [11 S. W. 205]; *South Bend Home Teleg. Co.* v. *Beaning,* 181 Ind. 586 [105 N. E. 52]; 41 A. L. R. 1078; 118 A. L. R. 1286; 5 C. J. S. 1285.)

■ Whatever may be the rule in other jurisdictions it is established in this state that the doctrine of law of the case will be applied to decisions of the District Courts of Appeal after those decisions have become final. (*Otten* v. *Spreckels,* 183 Cal. 252 [191 Pac. 11]; *United Dredging Co.* v. *Industrial Acc. Com.,* 208 Cal. 705 [284 Pac. 922]; *Hill* v. *Maryland Casualty Co.,* 28 Cal. App. 422 [152 Pac. 953].) ''Conceding the doctrine that the law of the case applies only to decisions of a court of last resort, we are nevertheless of the opinion that as to the decision on the former appeal, this court was the court of last resort. While appellant, which was respondent in the former appeal, might have applied to the supreme court for a transfer of the case after the rendition of the decision, it did not do so, but rested upon the decision as final.'' (*Hill* v. *Maryland Casualty Co., supra,* p. 426.) In this case the question whether the District Court of Appeal had jurisdiction on the prior appeal was not raised. Defendant could have made a motion for a transfer of the case upon the ground that the District Court of Appeal lacked jurisdiction while the appeal was pending in that court. Also, defendant might have based his petition for a hearing in this court upon the ground that no appellate jurisdiction was vested in the District Court of Appeal. Instead, defendant permitted the District Court of Appeal's decision to become final, without raising the jurisdictional question. Under such circumstances we think the rule discussed above is applicable and the prior determination of the very question sought to be raised here constitutes the law of the case.

■ It is true that the law of the case doctrine is a procedural rule which is generally followed, not because the court is without power to reconsider a former determination, but because the orderly processes of judicial procedure require an

end to litigation. In the absence of exceptional circumstances of hardship and injustice the need for attributing finality to considered judicial determinations compels adherence to the previous decision. But the rule should never be made the instrument of injustice. Thus, where the controlling rules of law have been altered or clarified in the interval between the first and second appeal and adherence to the previous decision would result in defeating a just cause, it has been held that the court will not hesitate to reconsider its prior determination. (See *England* v. *Hospital of Good Samaritan,* 14 Cal. (2d) 791, 795 [97 P. (2d) 813] ; 42 Harv. L. Rev. 938.) No comparable situation is present in this case. The only ground upon which a re-determination of the jurisdictional question is sought is that if defendant's contentions are sustained upon the second appeal, the case should have been appealed directly to the Supreme Court in the first place. In view of the distribution of appellate jurisdiction in this state, such an argument does not present any element of injustice which impels us to reconsider the prior determination of the issue made by the District Court of Appeal. This is especially true since appellate jurisdiction may be conferred upon the Supreme Court, where it improperly assumes to hear a law case, or upon a District Court of Appeal, where it improperly assumes to hear an equity case by the mere procedural formality of an order transferring the cause to the proper court followed by an order transferring the case back to the first court. (Const., art. VI, secs. 4, 4b, 4c.) Under such circumstances there is no fundamental injustice present which requires a re-examination of the decision reached upon the first appeal. Defendants have been deprived of no fundamental rights. As was said in *Scrimsher* v. *Reliance Rock Co.,* *supra,* p. 393, in holding that the determination of jurisdiction reached upon the first appeal constituted the law of the case, ''To hold otherwise . . . would be lending encouragement to a dilatory and highly technical procedure subversive of an effective disposition of an appeal fully briefed and decided on the merits. It would give encouragement to a respondent to await the event of an appeal by arguing the substantive questions involved and if dissatisfied with the decision of the court . . . for the first time, raise the question of the jurisdiction of the court of review to entertain the appeal in the first instance. This would certainly give rise to a most chaotic procedure and constitute a stumbling block to the orderly

and speedy administration of justice.'' The merits of defendant's case are not involved and the issue which he seeks to raise concerns nothing more than the proper distribution of appellate business among the courts of the state. (See, 2 Am. Jur. 851.)

The conclusions which have been reached in this case require us to transfer this appeal to the District Court of Appeal. While examination of the record convinces us that there is no longer any substantial question presented, the conclusion that the law of the case as laid down on the first appeal is controlling means that the second appeal should also have been taken to the District Court of Appeal. Since this appeal is taken to the wrong court, we are required to transfer the cause to a court which does have jurisdiction over the appeal. (Const., art. VI, sec. 4a; Rules for the Supreme Court and District Courts of Appeal, XXXII.)

The appeal in this case is hereby transferred to the District Court of Appeal, First Appellate District, Division One, in order that the appeal may be disposed of by the proper court.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Appellants' petition for a rehearing was denied April 30, 1942.