Filed 5/16/23  P. v. Yang CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>KER YANG,<br><br>      Defendant and Appellant. | F085030<br><br>(Super. Ct. No. F20901012)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Hill, P. J., Franson, J. and Peña, J.

Defendant Ker Yang was convicted in 2020 of sexual penetration by force of Jane Doe I, a child under the age of 14 years (§ 289, subd. (a)(1)(B));[1] sexual penetration of Jane Doe I, a child under 10 years of age or younger (§ 288.7, subd. (b); and lewd conduct with Jane Doe II, a 14- or 15-year-old child (§ 288, subd. (c)(1)). The sentence was subsequently vacated by this court in *People v. Yang* (June 30, 2022, F081990 [nonpub. opn.]) (*Yang I*) and the trial court was directed to resentence defendant in compliance with section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021–2022 Reg. Sess.). Following a remand for resentencing, defendant was resentenced by the trial court.

Appointed counsel for defendant asks this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant was advised of his right to file a letter stating any grounds on appeal within 30 days of the date of filing of the opening brief. Defendant filed a letter contending that his attorney rendered ineffective assistance of counsel. Because the judgment was reversed only as to sentencing and to amend the terms of the nonvisitation order, only errors relating to those issues may be considered in this subsequent appeal. He has identified no basis for relief, nor have we. We affirm.

## PROCEDURAL SUMMARY[2]

On February 26, 2020, the Fresno County District Attorney filed an information charging defendant with continuous sexual abuse of Jane Doe I, a child under the age of 14 years (§ 288.5, subd. (a); count 1); sexual penetration by force of Jane Doe I, a child under the age of 14 years (§ 289, subd. (a)(1)(B); count 2); oral copulation or sexual penetration of Jane Doe I, a child 10 years of age or younger (§ 288.7, subd. (b); count 3);

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     We take judicial notice of our prior opinion in *Yang I*, *supra*, F081990. (Evid. Code, §§ 452, subd. (d), 459, subds. (a)–(c).)

2.

and lewd conduct upon Jane Doe II, a 14- or 15-year-old child (§ 288, subd. (c)(1); count 4).[3]

On October 1, 2020, a jury found defendant guilty on all three counts.

On October 30, 2020, the trial court sentenced defendant to a term of 12 years 8 months, plus 15 years to life in prison as follows:  12 years (the upper term), on count 1; an indeterminate term of 15 years to life, consecutive, on count 2; and 8 months (one-third the middle term), consecutive, on count 3.  A nonvisitation order was also issued against defendant ordering no visitation between defendant and Jane Doe I and Jane Doe II.

Also on October 30, 2020, defendant filed a notice of appeal.

On June 30, 2022, this court issued its opinion in *Yang I*, *supra*, F081990, vacating defendant's sentence and remanding the matter for resentencing in light of amended section 1170, subdivision (b).  (*Yang I*, *supra*, F081990, at p. 2.)  This court also instructed the trial court to amend the nonvisitation order to reflect that it applies only to Jane Doe I (*post*, fn. 6), and that it terminates on Jane Doe I's birthday.  (*Ibid.*)  In all other respects, the trial court's judgment was affirmed.  (*Ibid.*)

On August 30, 2022, this court issued a remittitur.

On September 29, 2022, the trial court resentenced defendant to a new term of 10 years 8 months on counts 1 and 3, consecutive, plus 15 years to life on count 2.  On the same date, defendant filed a notice of appeal from resentencing.

On February 22, 2023, defendant filed a *Wende* brief (*Wende*, *supra*, 25 Cal.3d 436), requesting this court review the record to determine whether there are any arguable

---

[3]    On September 18, 2020, continuous sexual abuse of Jane Doe I, a child under the age of 14 years (§ 288.5, subd. (a)), originally count 1, was dismissed at the request of the prosecutor, and the remaining three charges, counts 2, 3, and 4, were respectively renumbered 1, 2, and 3.

issues on appeal. That same day, defendant was advised of his right to file a letter stating any grounds on appeal within 30 days of the date of filing of the opening brief.

On March 10, 2023, defendant filed a letter contending both defense counsel and appellate counsel rendered ineffective assistance of counsel.

**FACTUAL SUMMARY[4]**

"Defendant's wife, Payao, has four younger sisters, L.V.,[5] S.V., G.V., and A.V.[6] When Payao's sisters were elementary, middle and high school age, they would frequently babysit defendant and Payao's young children.

"Payao's youngest sister, A.V., started helping babysit defendant's children when she was in kindergarten. A.V. frequently spent the night at defendant's house after babysitting the children.

"When A.V. was in kindergarten, defendant started coming into the bedroom while she slept and would touch her breast area and rub her vagina. His conduct escalated to digital penetration of A.V. '[w]henever he got the chance'—more than 30 times—from the time she was in first grade until she was in seventh grade. Defendant also began to rape A.V. while she was in elementary school. A.V. would awake to defendant touching her breasts and vagina before he inserted his penis into her vagina. She always pushed him away and told him to stop but he would not. This happened '[t]oo many [times] to count,' but more than 20 or 30 times. When she would refuse to go in the bedroom with him while she was babysitting, he would force her, despite his own children sometimes trying to stop him and keep the door open. Defendant's minor son testified at trial that on one occasion he was able to jimmy the bedroom door lock and

---

**4** Our factual summary is drawn from the statement of facts presented in this court's opinion, *Yang I*, *supra*, F081990, on defendant's direct appeal.

**5** L.V. is named as "Jane Doe II" in the information.

**6** A.V. is named as "Jane Doe I" in the information.

4.

open it enough to witness defendant on top of A.V., covering her mouth and trying to remove her clothes while A.V. struggled and tried to push defendant away. A.V. moved out of town for her seventh grade school year, but upon her return the following year, defendant again raped and assaulted her. She never told her parents or Payao because she was scared, worried about her family, and did not want to cause trouble.

"Defendant also sexually molested L.V. while she was a young teenager babysitting his children. When she was approximately 14 years old, she awoke to one of defendant's hands under her shirt squeezing her breasts. She pretended to be asleep, hoping he would stop, but instead, he began rubbing her vagina over her underwear. He eventually stopped when she turned her body away from him. On another occasion, she awoke when one of her other sisters, S.V., who was sleeping in the same room as L.V., woke up and saw defendant about to touch L.V. as she was sleeping and asked defendant, ' "What the hell are you doing?" ' He told the girls he was not doing anything and left the room.

"In August 2018, defendant's minor son told his mother, Payao, that defendant had 'S-E-X to [A.V.].' He had told her this once the year prior, but she had dismissed it when she confronted defendant and he claimed their son was lying. However, after their son's August 2018 disclosure, Payao called her sister, L.V., who was with A.V. at the time, and asked A.V. if defendant had had sex with her. A.V., who was [13] years old at the time, initially said nothing, but started crying and eventually admitted that defendant had sexually assaulted her. Payao then confronted defendant, who admitted having sex with A.V. Later that day, L.V. and A.V. went to Payao and defendant's house, and A.V. told Payao that defendant had been sexually assaulting her and raping her for as long as she could remember. L.V. was extremely upset and called 911 to report that defendant had molested A.V. After interviewing L.V., A.V., Payao, and defendant, defendant was transported to the Fresno [p]olice headquarters, where he was interviewed by detectives and placed under arrest. During his interview by police, defendant admitted that he made

5.

a 'mistake' by having sexual intercourse with A.V. and sexually assaulting G.V. on numerous occasions, but denied touching S.V. and L.V. and denied having sexual intercourse with anyone other than A.V.

"During a break in the interview, defendant wrote a letter to Payao apologizing and telling her he still loved her, which he crumpled up. He then wrote her another letter in which he asked Payao to be strong and admitted he had not been a good father or husband, that he 'wish[ed] that this never had happened so [they could] still be a family,' and that he wanted to fix his mistake so he could watch his kids grow up. In the second letter, he addressed Payao's sisters, A.V., L.V., S.V., and G.V., writing that he was sorry for his 'mistake' and asked for their understanding and forgiveness.

"A.V. and L.V. testified to the events discussed above at trial. S.V. and Payao's brother's wife, C.Y., also testified at trial that defendant touched their breasts while they were sleeping on various occasions when they were between the ages of 11 and 20 years old, and Payao testified that she witnessed defendant touch her sister G.V.'s breasts while she was sleeping also." (*Yang I*, *supra*, F081990.)

## DISCUSSION

### *Wende* **Review**

This is an appeal from the trial court's resentencing of defendant. For that reason, this appeal has a limited scope. We have already issued a comprehensive opinion in *Yang I*, which addressed the issues raised by defendant in his direct appeal of his conviction for the underlying crimes. (*Yang I*, *supra*, F081990.)

As noted above, defendant's appellate counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, asserting he could not identify any arguable issues in this case. After defendant's appellate counsel filed his *Wende* brief, by letter dated February 22, 2023, we invited defendant to inform this court of any issues he wished addressed. On March 10, 2023, defendant responded to our letter, alleging that he was entitled to relief because defense counsel rendered ineffective assistance of counsel in his underlying trial,

and appellate counsel rendered ineffective assistance in his direct appeal by failing to raise the issue of defense counsel's ineffective assistance at trial.

Claims of ineffective assistance in his underlying criminal trial, however, may not be raised in this appeal. In *Yang I*, we affirmed the convictions and only remanded for the limited purpose of resentencing under amended section 1170, subdivision (b) and to amend the terms of the nonvisitation order. (*Yang I*, *supra*, F081990, at p. 2.) The judgment was affirmed "[i]n all other respects." (*Ibid*.)

Questions determined by an intermediate appellate court constitute the law of the case after the decision becomes final. In the absence of exceptional circumstances of hardship and injustice, the need for attributing finality to considered judicial determinations compels adherence to the previous decision. (*Gore v. Bingaman* (1942) 20 Cal.2d 118, 122–123.) Thus, only errors relating to the resentencing or amendments to the nonvisitation order on remand "may be considered in this subsequent appeal." (*People v. Deere* (1991) 53 Cal.3d 705, 713 [rejecting claim of ineffective assistance of counsel in the guilt phase in subsequent appeal from limited remand on penalty phase].)

We have reviewed the record on this limited appeal for any arguable issues. We find there are none. Here, defendant's claim of ineffective assistance of defense counsel relates to alleged error in his underlying criminal trial, but this appeal is not an opportunity to reargue issues about the criminal trial that were already raised in *Yang I*, or to raise new arguments that could have been raised in *Yang I*. Nor is this limited appeal an opportunity to argue that our conclusions in *Yang I* were in error. Our decision in *Yang I* is final. Defendant's claim relates to perceived errors in the criminal trial, but such claims cannot be raised in this appeal.[7]

---

[7]    To the extent defendant wishes to challenge the adequacy of the legal representation he received in his direct appeal, that appellate counsel rendered ineffective assistance by failing to raise the issue of defense counsel's ineffective assistance at trial, this subsequent appeal of the resentencing on remand is not the appropriate vehicle for

After a thorough review of the record, we conclude there are no arguable issues in this case.  There is nothing in this record to suggest any error occurred.

## **DISPOSITION**

The judgment is affirmed.

---

raising that claim; such a claim should be raised in a petition for writ of habeas corpus. (See *People v. Carrasco* (2014) 59 Cal.4th 924, 980–981; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)